MARY S. HARLAN, Respondent, *vs.* ST. LOUIS, KANSAS CITY & NORTHERN RAILROAD COMPANY, Appellant.

1 *Railroads—Damages—Contributory negligence.—*A stranger, in stepping out from behind a train of cars standing upon a side track of a railroad, to cross another track seven feet removed, was run over by a "pony" engine and killed. The engineer failed to ring the bell, but the locomotive could have been heard, while moving, at a distance of from one to two hundred yards. The engineer did not see the deceased, but, had he done so, could not have stopped the engine soon enough to prevent the accident; whereas the other might have both seen and heard the engine in time. *Held,* that although the failure to ring the bell was negligence in law, yet since the casualty was directly caused by the negligence of the deceased, and, after he stepped from behind the train, could not have been prevented by the engineer, the company was not liable.

*Appeal from Randolph County Circuit Court.*

*Wells H. Blodgett,* for Appellant, cited : Harty vs. Central R. R. Co., 42 N. Y. 468 ; O'Donnell vs. Prov. R. R. Co., 6 R. I. 211 ; Shearm. & Redf. Negl., § 485 ; Whart. Negl. § 384 ; Artz vs. Chicago, R. I. & P. R. R., 34 Iowa, 160 ; Havens vs. Erie Railway, 41 N. Y. 296 ; Ernst vs. Hudson River Railroad Co., 39 N. Y. 61 ; 35 Id. 9 ; Wilcox vs. Rome, W. & O. Railroad Co., 39 N. Y. 358 ; Baxter vs. Troy & Boston R. R. Co. 41 N. Y. 502 ; Nicholson vs. Erie Rl'y Co., 41 N. Y. 525 ; Grippen vs. New York Central Railroad Co., 40 N. Y. 34 ; Gonzales vs. New York & Harlem Railroad Co., 38 N. Y. 440 ; Wilds vs. Hudson River Railroad Co., 29 N. Y. 315 ; 24 Id. 430 ; Gorton vs. Erie R. R., 45 N. Y. 660 ; Morris & Essex Railroad Co. vs. Henton, 4 Vroom, [N. J.] 189 ; Runyan vs. Central Railroad Co., 1 Dutch [N. J.] 558 ; Chicago & Alton Railroad Co. vs. Fears, 53 Ill. 115 ; Lafayette & Ind. Railroad Co. vs. Huffman, 28 Ind. 287 ; Pittsburg & Fort Wayne Railroad Co. vs. Vining, 27 Ind. 513 ; Toledo & Wabash Railroad Co. vs. Goddard, 25 Ind. 185 ; Steves vs. Oswego & Syracuse Railroad Co., 18 N. Y. 422 ; Sheffield vs. Rochester & S. Railroad Co., 21 Barb. 399 ; Brooks vs. Buffalo & N. F. Railroad Co., 25 Barb. 600 ; Chicago, R. I. & P. R. R. vs. Still, 19 Ill. 499 ; C. C. & C. Railroad Co. vs. Terry, 8 Ohio St. 570 ; Evansville & C. R. R. Co. vs. Hiatt, 17 Ind. 102 ; Ill. Central

Railroad Co. vs. Buckner, 28 Ill. 303 ; North Penn. Railroad Co. vs. Heilmann, 49 Penn. St. 60 ; Harlem Railroad Co. vs. Coyle, 5 P. F. Smith, 396 ; Chicago & Alton Railroad Co. vs. Gretzner, 46 Ill. 74 ; Shearm. & Redf. Negl., § 488 ; Pierce Am. Rail. Law, 273 ; Butterfield vs. W. R. R. Co., 10 Allen, [Mass.] 532; Galena Union R. R. vs. Loomis, 13 Ill. 548 ; Stubley vs. London & N. W. R. Co., [L. R.] 1. Ex. 13 ; Finlayson, Adm'x, vs. C. B. & Q. R. R. Co., 1 Dill. 583 ; Evans vs. A. & P. R. R. Co. 62 Mo. 57 ; People vs. N. Y. Cent. R. R., 15 Barb. 199.

*G. F. Rothwell*, *with Waters & Winslow*, for Respondent.

I. A person may be improperly or unlawfully on the track of a railroad ; still that fact will not discharge the company or its employees from the observance of due care, and they have no right to run over and kill him, if they could have avoided it by the exercise of ordinary caution or watchfulness. (Isabel vs. Han. & St. Jo. R. R. Co., 60 Mo. 481 ; Kennedy vs. N. Mo. R. R. Co., 36 Mo. 363 ; Meyers vs. C., R. I. & P. R. R., 59 Mo. 223 ; Boland vs. Mo. R R. Co., 36 Mo. 153 ; Meyers vs. Pac. R. R. Co., 46 Mo. 153 : Huelsenkamp vs. Citizens' R. R. Co.. 37 Mo. 537 ; Morrissey vs. Wiggins' Ferry Co., 43 Mo. 383 ; Whalen vs. K. C. & N. R. R. Co., 60 Mo,, 32.)

II. The failure of defendant's employees to observe the provisions of the statute as to bell ringing is negligence *per se.* (Wagn. Stat. 310, § 26 ; Karle vs. K. C., St. Joe. & C. B. R. R. Co., 55 Mo. 483 ; Conell vs. B. C. R. & M. R. R. Co., 38 Iowa, 120 ; Kennayde vs. Pac. R. R. Co., 45 Mo. 261 ; Tabor vs. Mo. Valley R. R. C., 46 Mo. 356.)

NAPTON, Judge, delivered the opinion of the court.

The petition in this case was under the second section of the damage act, for the negligent killing of the plaintiff's husband by a locomotive of the defendant.

The answer of the defendant, after denying the allegations of the petition, set up as a defense that the plaintiff's own negligence was the cause of the disaster.

The evidence in the case, in which there was no conflict, established the following state of facts : The deceased, who lived in the town of Moberly, was passing from the east side of the railroad, on a frequented path leading over the tracks, in the middle of a clear day in November, and was killed by what is called the "pony" engine, running backwards on the main track. He stepped from behind some cars standing on the side track, which was seven feet from the main track, and was killed by this engine almost immediately.   He wore a fur cap with ears to it, but it seems from the testimony that his hearing and eyesight were ordinarily good. The bell on the "pony" engine, having no rope to it, was not sounded by the engineer, and there was a freight train on the adjoining track, about fifty feet off, on which there was a bell ringing which could be heard all over the town. The locomotive that killed Harlan could be heard, when in motion, without a bell, at a distance varying from one hundred to two hundred yards.   The engineer of this locomotive did not see Harlan till he was run over, the engine going backwards.   The track was a straight one, and the engine could have been seen at a considerable distance.   There was no possibility of stopping it, had the engineer seen Harlan before he was struck, so as to avoid the disaster that occurred.

The instructions given by the court to the jury were undoubtedly the law, and distinctly declared that the plaintiff could not recover if the disaster was produced by Harlan's own negligence, although the bell was not sounded, provided the engineer could not have prevented the accident.   The jury, however, found a verdict for the plaintiff.

The principles of law applicable to this case are so well established that we deem any citations of authority unnecessary. They are cited at length in brief of appellant's counsel.   A person who goes on a railroad track, or proposes to cross it, must use his eyes and ears to avoid injury.   A neglect of regulations in regard to bell ringing may amount to negligence in law, on

the part of the railroad employees, but that does not absolve strangers, who propose to cross the track, from ordinary care. Indeed every intelligent person, who has arrived at years of discretion, is presumed to know that it is dangerous to be on a railroad track when trains are passing to and fro, and when crossing one he is expected to be vigilant and watchful of the approach of a locomotive. The failure to exercise such vigilance is negligence *per se.*

Conceding, in this case, that the failure to ring the bell was negligence on the part of the defendant's servants, yet Harlan could both see and hear the locomotive, if he had looked or listened, and his stepping on the track, on the approach of the engine at a slow rate of speed, appears unaccountable. He seems to have been either absorbed in thought, or concluded, after he saw the engine, that he could cross safely, although it was so near as to make the experiment exceedingly hazardous. The company are not responsible for the result of such experiments, unless the engineer, after seeing the hazardous position of Harlan, could have avoided injuring him. Of course no amount of negligence on the part of a stranger would authorize a railroad engineer to run over him, if there was a possibility of avoiding it; but it is proved in this case, by the plaintiff's own witness, that the engineer did not see Harlan until he was killed, and that if he had seen him there was no possibility of stopping the engine in time to have avoided the injury. The failure to ring the bell on the engine and the sound of bells on the freight train might have misled Harlan, if he trusted to hearing alone, although the evidence on both sides clearly shows that the movements of the "pony" engine, without a bell, could be heard at least fifty yards. This, however, does not account for the failure of Harlan to see the engine, when he stepped from behind the cars on the side track. He was seven feet still from the main track, on which the switch engine was clearly in sight, and in motion, and it was about the middle of a clear day, between one and two o'clock. He must, therefore, either have been totally absorbed on other subjects, or have concluded to take the risks. There is no ground for holding the railroad company responsible for the

result of such recklessness. The circuit court might have refused to submit such a case to the jury, had an instruction to that effect been asked. Certainly a verdict against the instruction should have been set aside.

The question discussed in this case in regard to the form of the petition, in view of the conclusion we have reached on the merits, we deem unnecessary to consider.

The judgment is reversed and the cause remanded. The other judges concur.