HARLAN v. ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY CO., APPELLANT.

1. **Railroads:** DANGEROUS CROSSING: VIGILANCE REQUIRED OF COMPANY AND THE PUBLIC. Where a railroad company has a dangerous crossing in a crowded city, it must exercise a degree of care to avoid injuring persons and property commensurate with the danger of accident; on the other hand, persons using such a crossing must exercise care and watchfulness commensurate with the danger to which they are exposed.

2. **Negligence.** The fact that defendant has been guilty of negligence, followed by an accident, does not make him liable for the resulting injury, unless that was occasioned by the negligence.

3. **Contributory Negligence.** Notwithstanding the injured party may have been guilty of contributory negligence, a railroad company is still liable for the injury if it could have been prevented by the exercise of reasonable care on the part of the company after discovery of the danger in which the injured party stood, or if the company failed to discover the danger through its own recklessness or carelessness, when the exercise of ordinary care would have discovered it and averted the calamity.

4. ————————. Where the undisputed evidence showed that the negligence of the deceased contributed directly to produce his death, and that it was not possible after he placed himself in danger to prevent the accident, the railroad company is not liable.

5. ————————. The acts of the deceased amounted to negligence *per se.*

6. **Practice:** VERDICT: EVIDENCE. Where there is no evidence to support the verdict, the Supreme Court will reverse the judgment.

*On Motion for Rehearing.*

The case will be found reported and the facts stated in 64 Mo. 480.

*Waters & Winslow* with *G. F. Rothwell,* for the motion.

I. The prevailing rule in this State is that the question of negligence is peculiarly for the jury, and when there is any evidence, however slight, to sustain the verdict, this court cannot under the precedents interfere. There was

such evidence here. *Kennedy v. N. Mo. R. R. Co.* 36 Mo. 351; *Meyers v. Pacific R. R.* 40 Mo. 151; *Liddy v. St. Louis R. R. Co.* 40 Mo. 506; *Meyer v. Peoples' Rwy.* 43 Mo. 523; *Barton v. St. L. & I. M. R. R.* 52 Mo. 253; *Kennadye v. Pacific R. R.* 45 Mo. 255; *Tabor v. Mo. Valley R. R.* 46 Mo. 453; *Brown v. Hann. and St. Joe R. R.* 50 Mo. 461; *Smith v. Union Rwy. Co.* 61 Mo. 588; *Hicks v. Pacific R. R.* 64 Mo. 430.

II. When the plaintiff acts under *peculiar and complicated circumstances*, or when his view of the danger is obstructed, or when the facts are undisputed, but different minds might honestly draw different conclusions from them, the question of contributory negligence is *exclusively for the jury to determine;* and when the jury have exercised this function the verdict must stand, whatever may be the opinion of the court as to its correctness. *Brown v. R. R. Co.* 32 N.Y. 597; *Beisiegel v. R. R. Co.* 34 N.Y. 622; *Ernst v. R. R.* 39 N. Y. 61; S. C. 35 N. Y. 9; *Davis v. R. R.* 47 N. Y. 400; *Weber v. R. R.* 58 N. Y. 451; *Massoth v. Canal Co.* 64 N. Y. 524; *Gaynor v. R. R.* 100 Mass. 208; *Chaffee v. R. R.* 104 Mass. 108; *Mayo v. R. R.* 104 Mass. 137; *Wheelock v. R. R.* 105 Mass. 203; *Prentiss v. Boston* 112 Mass. 43; *Williams v. Grealy Ib.* 79; *French v. R. R.* 116 Mass. 537; *Craig v. R. R.* 118 Mass. 431; *Penna. R. R. v. Weber* 76 Pa. St. 157; *Weiss v. R. R.* 79 Pa. St. 387; *New Jersey R. Co. v. West* 4 *Vroom* 430; *Penna. R. R. v. Matthews* 7 *Vroom* 531; *D., L. & W. R. R. v. Toffey* 9 *Vroom* 525; *Central R. R. v. Moore* 4 *Zab.* 824; *R. R. Co. v. Stout* 17 *Wall.* 663.

HENRY, J.—The motion for rehearing is based upon the following grounds: *First*—That the court overlooked material facts in the record, showing the peculiar and complicated circumstances surrounding the killing of Harlan, and in overlooking said facts applied a rule of law not otherwise applicable. *Second*—That the judgment of this court is in direct conflict with the case of *Jeff. D. Hicks v. The Pacific*

*Railroad* 64 Mo. 430, and with other cases heretofore decided by this court.

The facts which it is assumed were overlooked are, that the accident occurred in a crowded city, where the defend-

1. RAILROADS: dangerous crossings: vigilance required of company and the public.

ant had an intricate combination of tracks, side-tracks and switches, almost in constant use, and where the public had a right to expect extraordinary care to prevent accidents. These facts were not overlooked, and we recognize the rule that, under the circumstances stated, the company must exercise a degree of care to avoid injuring persons and property commensurate with the danger of the occurrence of such accidents. But it seems that the counsel do not, as we do, recognize a correspondent obligation on the part of the public to exercise care and watchfulness in crossing a railroad track at such a point, commensurate with the danger to which persons crossing the track there are exposed. The increased care exacted of the company on the one hand, and of the public on the other, is equal, and leaves the question of liability of the company to an adult person of sound mind, in the enjoyment of the senses of sight and hearing, dependent upon the rules applicable if the accident had occurred at any other point on the road.

The evidence that the deceased was guilty of negligence contributing directly to cause his death, is uncontradicted.

2 NEGLIGENCE. The undisputed facts constitute direct contributory negligence. The case at bar is not like that of *Jeff. D. Hicks v. The Pacific R. R. Co.* 64 Mo. 430, with which counsel think the judgment herein is in conflict. The defence in that case was that Hicks was a trespasser, and that, therefore, the company owed no duty to him. We held otherwise, and that whether a trespasser or not made no difference, if by the exercise of ordinary care the defendant could have avoided injuring him. There was evidence that he was guilty of negligence contributing directly to produce the injury, but there was also evidence to the contrary. There was also a conflict of evidence as to the

negligence of the defendant, but those issues, in proper instructions, were submitted to the jury, and if this court had reversed the judgment, it could have been on no other ground than that the verdict was against the weight of evidence.

In the case we are considering, the judgment was not reversed because the verdict was against the weight of evidence, but because there was no evidence to support it. But counsel insist that, aside from Harlan's want of care, the question still remained whether the company could have prevented the accident by the observance of due care, as well as what amounted to due care under the circumstances, and that these propositions are necessarily submitted to the jury in this class of cases, viz: *First*—Was the defendant guilty of negligence? *Second*—Was the plaintiff guilty of negligence contributing directly to the result? *Third*—Notwithstanding the plaintiff's negligence, could the defendant, by the exercise of ordinary care, have prevented the result? It must be borne in mind that the negligence for which the company is liable, is that which directly contributes to produce the injury. The fact that the company has been guilty of negligence, followed by an injury, does not make the company liable, unless the injury were occasioned by that negligence. The connection of cause and effect must be established. For instance, a passing train, by an accident, the result of negligence on the part of the company, is compelled to reverse its engine and run backwards, and in so doing runs over a person crossing the track. The negligence of the company made it necessary to back the train, yet, unless guilty of negligence in running the train backwards, the company would not be held liable for the injury.

But if after discovering the danger in which the party had placed himself, even by his own negligence, the company could have avoided the injury by the exercise of reasonable care, the exercise of that care becomes a duty, for the neglect of which the company is liable. When it is said, in

<span style="font-variant: small-caps;">3. contributory negligence.</span>

cases where plaintiff has been guilty of contributory negligence, that the company is liable, if by the exercise of ordinary care it could have prevented the accident, it is to be understood that it will be so liable, if by the exercise of reasonable care, *after a discovery by defendant of the danger in which the injured party stood,* the accident could have been prevented, or if the company failed to discover the danger through the recklessness or carelessness of its employees, when the exercise of ordinary care would have discovered the danger and averted the calamity. So that the first and third propositions, which counsel insist should be submitted to the jury in this class of cases, require modifications, as above suggested. The evidence that Harlan's negligence contributed directly to produce the injury, was clear and uncontradicted, and there was no evidence whatever tending to show that after the deceased got on the track, it was even *possible* to prevent the accident. There was no issue to submit to a jury, under the evidence as preserved in the bill of exceptions. The judgment of the court is in harmony with *Hicks v. The Pacific R. R. Co., Evans v. The Pacific R. R. Co.* 62 Mo. 49, *and Fletcher v. The A. & P. R. R. Co.* 64 Mo. 484. The record and authorities cited, and others not cited, have been examined carefully by every member of this court, and all concur in overruling the motion for a rehearing.

HOUGH, J.—I concur in overruling the motion for a rehearing. It may be conceded that the defendant was guilty of negligence in failing to ring the bell. But the undisputed testimony in the cause shows that the acts of the deceased directly contributing to produce his death amounted to negligence *per se.*

The case standing thus, it is clear that the plaintiff would not have been entitled to recover, as a matter of law. Now if there had been any testimony tending to show that the defendant could, by the exercise of proper care, after discovering the danger to

which the deceased was exposed, have avoided injuring him, then the verdict should be permitted to stand. There was not only no such testimony, but there was testimony to the contrary, and it was therefore properly held, not that the verdict was against the weight of evidence, but that there was no evidence whatever to support the verdict. That this court will interfere in such cases has been repeatedly decided.

OVERRULED.