MOODY, *Appellant*, v. THE PACIFIC RAILROAD COMPANY.

1. **Petition**: AMENDMENT. The original petition stated that the defendant, by its agents and servants, recklessly, carelessly and negligently caused one of its trains to strike, wound and kill one Moody. The amended petition, filed after the statutory time, charged that by the negligence and unskillfulness of the defendant's employees while running said train, the said Moody was struck and killed; *Held*, that the amendment set up no new cause of action.

2. **Evidence**: "TRAIN RULES." Certain "train rules" made by the defendant and another company, regarding a track used by them jointly, but 200 miles distant from the place where the injury occurred, *Held*, irrelevant and inadmissible.

3. **Crossing Railroad Track**: CONTRIBUTORY NEGLIGENCE. Moody, the postmaster at Webster station on defendant's road, was in the habit of carrying the mail to one of its mail trains which stopped at the station at about 8:40 p. m. His office was near the station but across the track. Hearing a train approach at about the time the mail train usually passed, he picked up his mail bags and started to cross the track to the platform. The train was then 1200 feet distant, but running at great speed. Relying upon its stopping, he continued on his way, and was struck by the locomotive and killed. The testimony was conflicting as to whether the bell was rung or the whistle sounded. The train was a freight train, which, on account of the mail train being behind time, had been ordered to go on without stopping, and passed Webster station at the very time

the mail train would have passed had it been on time; *Held*, that Moody was guilty of contributory negligence, and his representative could not recover.

*Appeal from St. Louis Circuit Court.*—HON. J. K. KNIGHT, Judge.

*Davis, Thoroughman & Warren* for appellant.

*Thos. J. Portis* and *E. A. Andrews* for respondent.

NAPTON, J.—This action is brought by Anne Moody, the wife of Augustus Moody, to recover $5,000 under the 2nd section of the damage act for the killing of her husband, occasioned by the negligence and unskillfulness of the employees of defendant.

The original petition stated that the defendant, by its agents and servants, carelessly, recklessly and negligently

1. PETITION: caused one of the defendant's locomotives, amendment. with a train of cars attached thereto, to strike, wound and kill the husband of the plaintiff. The amended petition, filed more than a year after the death of Moody, charges that by the negligence and unskillfulness of defendant's employees whilst running said cars, the said Moody was struck and killed. The amendment, in our opinion, sets up no new cause of action. It is true that the original petition charges the defendant with occasioning the death of Moody, but by the carelessness and negligence of its servants; and so it is substantially charged in the amended petition.

In order to determine the propriety of the rulings of the circuit court which tried the case, both in regard to the admission and exclusion of evidence, and in regard to its instructions to the jury, it may be well to state the facts, about which there was no question. The plaintiff's husband, Moody, was postmaster at Webster station on the Pacific Railroad. He was in the habit of handing over the mail about 8:40 p. m. to a passenger train which passed

the station about that time for St. Louis. His store and post office were on the opposite side of the railroad to that where the depot was and platform from which the mail bags had to be handed over. There was evidence that he was in the habit of waiting till the last moment in starting from his office, and that he was rebuked for this carelessness or recklessness by some of the officers of the road. On the night when the fatal accident occurred, he heard a train about the time the mail train was expected and usually passed, picked up his mail bags, saw the approaching train at a distance of 1200 feet west, but supposing the train would stop, although running then at great speed, attempted to cross over in front of the locomotive and was killed. There is a conflict of testimony as to whether the bell was rung or the whistle sounded. It appeared that the train was a freight train which had been ordered, because the regular train was behind time, to go to St. Louis, and passed Webster station at the very time the mail train would have passed had it been on time.

In regard to the evidence on the trial, we are all of opinion that the court ought not to have permitted certain joint rules made by the defendant and the Kansas Pacific in relation to a track used jointly by both companies in Kansas, upwards of 200 miles west of Webster, to be read to the jury. They were entirely irrelevant. The object of this evidence was to leave the impression that this irregular train could only run through Webster at the rate of six miles an hour, whilst the evidence showed that it was going at the rate of from fifteen to thirty miles an hour. An instruction was asked on this subject, which we think was improperly refused.

3. CROSSING RAILROAD TRACK: contributory negligence.

The defendant offered to prove that the orders of train dispatchers always had precedence over time card rules, that this was the custom on all railroads, and was the custom and rule on the Pacific road. This was objected to

and the objection was sustained. It is not deemed material to express any opinion on this point.

The defendant asked the following instruction: "If the deceased knew before he attempted to cross the track

3. CROSSING RAILROAD TRACK: contributory negligence.
that the train was coming, and if before he got upon the track he could have seen the train twelve hundred feet west of the cross-ing, and actually did see and hear it before he got upon the track, then if he was injured by reason of any miscalculation as to the nearness of the train or its speed, the plaintiff must bear the consequences of any such miscalculation, and the jury will find for the defendant; although they may believe that the train was run at a careless and unusual rate of speed; and that no bell was rung or whistle sounded, or that Moody supposed the train in question was the mail train." This instruction was refused. For the plaintiff the jury were instructed that, " although they may believe from the evidence that the deceased may have been guilty of misconduct, or failed to exercise ordinary care and prudence while crossing the track of said railroad, which may have contributed to his death, yet if the said employees, or either of them, of the defendant were guilty of misconduct or negligence in running said train, or permitting the same to run, and such negligence or misconduct on their part was the immediate cause of the death, and with the exercise of proper care and prudence by said employees or either of them, said injury and death might have been avoided, the defendant is liable in this action." There is no doubt that railroad employees have no right to run over a person when he is on the track carelessly on his part, if it can be avoided, but the evidence of plaintiff in this case was, that the train was going at an unusual speed and on a down grade, and the engineer of locomotive, though seeing Moody approaching the track, could hardly be supposed to know that he designed cross-ing in front of the engine; nor is there any evidence to show that the train could have been slackened or stopped

in time to have prevented the disaster. As to ringing the bell or sounding the whistle, it was clearly of no importance, so far as Moody was concerned, since it is conceded that he heard and saw the train and was simply misled by supposing it was the mail train; and the only question is, who is to be responsible for the mistake and his recklessness in determining to cross over in front of the cars, which he could see were going at a rapid rate. Our opinion is, that the instruction asked by the defendant, applicable as it was to the facts in evidence, should have been given. The instruction given for the plaintiff may be abstractly correct, but there was no evidence to support it. There was no evidence to show that, "with the exercise of proper care and prudence by said employees or either of them said injury and death might have been avoided." *Harlan v. K. C. & N. R. R. Co.*, 65 Mo. 22, *Fletcher v. A. & P. Railroad*, 64 Mo. 480, *Stillson v. H. & St. Jo. Railroad*, 67 Mo. 671; *Dublin, Wicklin & W. R. Co. v. Slatterly*, 39 L. T. Rep. (N. S.) 265. The judgment of the general term, reversing the judgment of special term, is, therefore, affirmed.

AFFIRMED.