THE H. & T. C. R'Y Co. v. WM. J. SYMPKINS.

(Case No. 429.)

1. NEGLIGENCE — RAILWAY COMPANY.— If one who enters upon the track of a railway when no train is in sight, should, from providential cause, become insensible while there, and in that condition be run over and injured by a train while lying in open view, the company would be liable in damages on account of that negligence on the part of its agents in not discovering the helpless man, which was the proximate cause of the injury.

2. NEGLIGENCE.— The doctrine that a railway company owes no duty to one unlawfully on its track, and is not liable in damages for injury to such an one unless wantonly inflicted, discussed and disapproved.

3. RAILWAY COMPANY.— A reasonable look-out, varying according to the danger and all the surrounding circumstances, is a duty always devolving on those in charge of a railway train in motion.

4. RAILWAY COMPANY.— Railway companies are bound to exercise their dangerous business with due care, to avoid injury to others, and when they fail to do so, they are liable in damages for injury resulting even to a trespasser who has not been guilty of contributory negligence.

5. RAILWAY COMPANY — DRUNKENNESS.— One who, while helpless from drunkenness, is run over and injured by a passing railway train, is guilty of contributory negligence, which constitutes a bar to his action for damages, unless his injuries were wantonly or willfully inflicted.

6. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.— If the proximate cause of injury to one run over and maimed by a railway train is the negligence of the engineer in charge, and the party injured is prevented

by a providential dispensation from the use of his faculties at the time of the injury, the fact that prior to the time of the injury, when no train was in view, and before being providentially disabled, the injured party placed himself wrongfully on the track of the road, would not constitute such contributory negligence as would prevent a recovery.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The opinion states the case.

*Geo. Goldthwaite*, for appellant.

I. The court erred in so much of the first paragraph of the charge as instructed the jury: "But if the evidence satisfy the jury that the agents, employees or servants in charge were guilty of gross negligence — by which you will understand the absence of such ordinary and proper care as was their duty to have observed; or, if the evidence satisfy you that defendant's cars were not properly manned and equipped, and if the same had been the accident would not have happened. If so you find the facts, find for plaintiff."

II. The plaintiff was not in a position to complain of defendant and hold it responsible for not having its cars properly manned and equipped.

III. That a railway company should have its train properly manned and equipped, is a duty which it owes to its passengers and persons rightfully on its track; it is not a duty owing to persons who are carelessly and wrongfully on the track.

IV. The charge was calculated to mislead the jurors, and did mislead them, inducing them to the conclusion that the defendant owed the same measure of duty and accountability to strangers and persons negligently and wrongfully on its railway track, that it owed to its passengers and persons rightfully on its track. Shearman & Redfield on Negligence, secs. 487, 493; Wharton on Negligence, secs. 389, 803; Tonewanda R. R. Co. *v.* Munger, 5 Denio, 266; same case affirmed in 4 Comstock, 349;

Law Register, N. S., vol. 7, 450; Railroad Co. *v.* Worton, 24 Penn. St., 468; Railroad Co. *v.* Spearen, 47 Penn. St., 300; Nicholson *v.* Railroad Co., 41 N. Y., 529; Terry *v.* Railroad Co., 22 Barb., 586; Railroad Co. *v.* Hummell, 44 Penn. St., 378; Brown *v.* Lynn, 7 Casey (Penn. St.), 510; Reeves *v.* Railroad Co., 6 Penn. St., 454; Gillis *v.* Railroad Co., 59 Penn. St., 142; Kay *v.* Railroad Co., 65 Penn. St., 273; Herring *v.* Railroad Co., 10 Ired. (N. C.) Law, 402; Richardson *v.* Railroad Co., 8 Rich. (S. C.) Law, 120; Finlayson *v.* Railroad Co., 1 Dillon, 583.

V. The court erred in withholding from the consideration of the jury the question of contributory negligence on the part of the plaintiff, and particularly the question as to whether he was drunk; especially after the submission of the question whether he was laboring under a providential infliction in the way of a fit. 52 Tex., 173; Shearman & Redfield on Negligence, § 25; Railroad Company *v.* Hutchison, 47 Ill., 410.

*Turner* and *Baker & Botts*, also for appellant.

*F. W. Henderson*, for appellee.— Although defendant is not bound to that degree of diligence to one who is on its road-bed at a place where there is no public crossing, as to passengers, or to persons who are upon the road-bed at a public crossing, yet defendant cannot run their cars with their eyes shut or blindfolded, or without using at least ordinary diligence, and if by using proper diligence such as a reasonable man would have used, the accident would not have happened, then the defendants are liable even to a trespasser. Norris *v.* Litchfield, 35 N. H.; Vaughan *v.* Manlove, 3 Bing. N. C., 486; Maryatt *v.* Stanley, 1 M. & G., 558; Chicago & Northwestern R. R. Co. *v.* Barrie, 55 Ill., 226, 1870; Ill. Cent. R. R. Co. *v.* Baches, id., 379; La Fayette & Indianapolis R. R. Co. *v.* Shrier, 6 Ind., 141, 1855; Northern Ind. R. R. Co. *v.* Martin, 10 Ind., 460, 1858; Central R. R. Co. *v.* Davis, 19 Ga.,

437, 1826; Galena & Chicago Union R. R. Co. *v.* Jacobs, 20 Ill., 478, 1858; Philadelphia & Reading R. R. Co. *v.* Hummell, 44 Penn. St., 375, 1863; East Tenn. & Georgia R. R. Co. *v.* St. John, 5 Sneed (Tenn.), 524, 1858; Brown *v.* Hannibal & St. Joseph R. R. Co., 50 Ind., 451, 1872; Macon & Western R. R. Co. *v.* Davis, 18 Ga., 679, 1855; Illinois Central R. R. Co. *v.* Hutchison, 47 Ill., 408, 1868; Daley *v.* Norwich & Worcester R. R. Co., 26 Conn., 591, 1868.

*Gustave Cook,* also for appellee.

Gould, Associate Justice. — On the 10th of April, 1873, at noon, W. J. Sympkins, lying in a state of insensibility on the road-bed of the Central Railway, at a point where there was a long curve, and about 190 steps from a public crossing, was run over by the cars, whereby he lost his right arm, and was otherwise bruised. On his behalf, it is claimed that whilst walking on the railroad track he was providentially stricken down by a fit; that at the point on the curve where he fell, the engineer, by keeping a proper look-out, could have discovered him at about 300 steps distance, in ample time to have stopped the train and avoided the accident. On the part of the railway company, it is asserted that Sympkins' fit was nothing more than one of intoxication; that at all events he was negligent originally in walking on the track, and was wrongfully there; that he was lying outside of the rails in such a way that the engineer neither could nor did discover him in time to avoid running over him, he having immediately used every means to stop the train.

In its charge the court told the jury: "If the evidence satisfy you that the engineer could, by the use of due and proper care and attention, have discovered the plaintiff on the track in time to have stopped without running over him, then his not doing so is such negligence as will render defendant company liable to plaintiff."

The defendant asked sundry charges, embodying the proposition, that, unless the engineer actually saw Simpkins a sufficient length of time and distance to stop the train and prevent the injury, the company was not liable; and denying that, as to persons wrongfully on the track, the law imposed on the railroad any duty to keep a look-out, or any liability except for "willful or wanton negligence on the part of its agents." The following charge was also amongst those asked and refused:

"It is in evidence before you that the plaintiff had on the same day taken one or more drinks of liquor, and that he never before that day, nor since, has had a fit. It is your peculiar province to determine whether or not that fit was a fit of intoxication. If he was in a fit of intoxication, or drunk, at the time of the accident, and the accident was occasioned in any degree by that fit of intoxication or drunkenness, then and in that case the defendant is not liable, and the plaintiff is not entitled to recover, unless the accident happened and was occasioned by the wanton or willful negligence of the engineer, or those in charge of the train."

The plaintiff recovered a judgment, and the questions here presented arise mainly on the charge. We do not assent to the proposition that a railroad company may not become liable to one who is run over and injured by reason of the want of watchfulness of its servants, although such person may have been originally a trespasser on the track. If a party be wrongfully on the track under such circumstances, or being there, acts in such a way as to be himself a proximate cause of his own injury, he will be precluded from recovery on grounds of public policy, as being himself guilty of contributory negligence. Although the company's agents may have failed in proper watchfulness, the injured person is regarded as being himself too directly a cause of the injury to be allowed to complain. It is not that no wrong has been done by the company in the negligence of its agents, but that the

injured party is precluded from complaining of that wrong.

A man goes upon the railroad track at a time and place when no danger is nigh, and whilst there, by some accident or providential cause becomes insensible, and so remains perhaps for hours, until the time for a train comes round.

Although he originally goes on the track wrongfully, it is under circumstances threatening no direct injury, nor, being on the track, does he do anything "positive or negative to contribute to the immediate injury." Baltimore & O. R. R. Co. v. State, use of Trainor, 33 Md., 554. If the engineer on the approaching train keep that look-out which is required of him at all times, not only to secure the safety of the train, but to avoid injury to any animal or person on the track, this person lying there in open view must be discovered. Not to discover him is, under the circumstances, negligence, and that negligence is the proximate cause of the injury; whilst the negligence of the party in going on the track is only a remote cause. Between that original act of negligence and the injury has intervened a new agency, a providential dispensation, breaking the causal connection. Brandon v. Gulf City Cotton Press, etc., 51 Tex., 121. Here there is not such contributory negligence as prevents the party from recovering for an injury caused by the negligence of the company's agent, and if a recovery be denied, it must be placed on some other principle.

Counsel for appellant cite a number of cases which deny any duty on the part of a railroad company to one wrongfully on the track, and deny any liability for injury to such person caused by anything short of wantonness. On examination, it will be found that in most of these cases the plaintiff either directly contributed to the injury or the negligence established in the defendant's servants were not the cause of the injury. Take for example two leading cases in Pennsylvania, where this doctrine has

been most forcibly asserted. Railroad *v.* Norton, 24 Penn. St. 469, was a case where the plaintiff had fastened his machinery for sawing wood to the rail of the company's road, and the court holds "it evident that the imprudence of the plaintiff was the immediate cause of the injury." R. R. Co. *v.* Hummell, 44 Penn. St., 378, was a case of injury to a child, in which the only negligence charged was a failure to blow the whistle or give signals on starting. It does not appear from the evidence that this failure was the cause of the injury.

It may safely be asserted that but few cases can be found where a party, not guilty of contributory negligence, and establishing an injury which would have have been prevented but for the carelessness of the company's agents, has been denied a recovery on the ground that the company owes no duty of carefulness to one wrongfully on their track.

In our opinion, there is a distinction between the duty devolving on the owners of land on which there is a dangerous excavation, and that devolving on a corporation invested by law with the extraordinary power of traversing the country with huge cars, whose progress everywhere is necessarily attended with danger. They who place such dangerous machines in motion, should, we think, be required to take precautions against their injuring any one who may happen to be in their pathway. "The care in conducting any business should be proportionate to its dangerous motion." Gorman *v.* Pac. R. R. Co., 26 Mo., 448. The extent of the precautions required of a railroad company depends on all the circumstances. The regulations of railroads exact watchfulness of the engineers, and this rule should operate for the benefit of the public as well as the company.

Authorities are not lacking in support of the position that a "reasonable look-out," varying according to the danger, and all the surrounding circumstances, is a duty always devolving on those in charge of a railroad train in

motion.   Baltimore & Ohio R'y Co. v. State of Maryland, for use of Hannah Dougherty, 36 Md., 366; Baltimore & Ohio R'y Co. v. State, use of Trainor, 33 Md., 554; Harlan v. St. Louis, Kansas City & N. R'y Co., 2 Thompson on Negligence, p. 439 (64 Mo., 480, and 65 Mo., 22), citing Hicks v. Pacific R. R. Co., 64 Mo., 430.   The duty of watchfulness has often been enforced against railroads in cases of injuries to cattle trespassing on their track, and that, too, in the absence of any statutory provision or in cases outside of the statute. Isbell v. N. Y. & N. H. R. R. Co., 27 Conn., 393; Gorman v. Pac. R. R. Co., 26 Mo., 442; Chicago & Ill. R. R. v. Barrie, 55 Ill., 226; Kerwhacker v. C. C. & C. R. R. Co., 3 Ohio St., 172.   We prefer that line of decisions holding railroads bound to exercise their dangerous business with due care to avoid injury to others, as correct in principle and sound in policy, and as protecting even a trespasser who is not guilty of contributory negligence.   We are inclined, however, to the opinion that the charge given by the court in this case may have led the jury to believe that they could only find for defendants should they think that the engineer " could not and did not discover plaintiff on the track in time to stop, without running over him." Read as a whole, especially in connection with its final clause, the charge is not erroneous, and may not perhaps have been misunderstood.   We call attention to it, because of our opinion that the watchfulness required depends on all the circumstances, having reference to all the duties of the engineer, and that it is for the jury to say whether, under the circumstances, he not only could, but should have discovered the plaintiff in time to have stopped the train.   In other words, that the engineer, had he been exercising that ordinary and proper care which under the circumstances was his duty, would have discovered the plaintiff in time.

But we are of opinion that the court, its attention being called to the subject by a charge asked by defendant,

should have given the jury an instruction as to their duty in the event they found that the plaintiff was intoxicated when the accident occurred. Whether he was so intoxicated or not, was under all the evidence an issue of fact for the jury. If they found, as claimed by defendant, that his fit was one of intoxication, the authorities seem to be that "such conduct is contributory negligence which constitutes a bar to his action for damages." 1 Thompson on Neg., p. 450, citing Ill. Cent. R. R. Co. *v.* Hutchinson, 47 Ill., 408; Herring *v.* Wilmington & Raleigh R. R. Co., 10 Iredell, 402; H. & T. C. R. R. Co. *v.* Smith, 52 Tex., 178. In such case the injured party would be precluded from recovering for anything short of wanton or willful neglect.

Because of this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 29, 1881.]