# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS,

## MARCH TERM, 1881.

---

James Kelly, Respondent, *v.* Union Railway and Transit Company, Appellant.

### July 5, 1881.

Where a person, engaged in making repairs on a railway track knew that a train was approaching but a short distance away, but nevertheless turned his back to it, stooped down and continued his work, and while in this position, was struck by the train and injured, it was held that he was guilty of such contributory negligence as would prevent a recovery, though the defendant was handling the car which caused the injury in a negligent manner and in violation of a city ordinance.

Appeal from the St. Louis Circuit Court, Boyle, J. *Reversed and remanded.*

S. M. Breckinridge, with whom is M. F. Watts, for the appellant, cited : *Hallihan* v. *Railroad Co.*, 71 Mo. 113 ; *Rains* v. *Railroad Co.*, 71 Mo. 164 ; *Zimmerman* v. *Railroad Co.*, 71 Mo. 476 ; *Henze* v. *Railroad Co.*, 71 Mo. 636 ; *O'Donnell* v. *Railroad Co.*, 7 Mo. App. 19 ; *Nolan* v. *Shickle*, 3 Mo. App. 300 ; *s. c.* 69 Mo. 336.

A. R. Taylor, for the respondent, cited : *Goodfellow* v. *Railroad Co.*, 106 Mass. 461 ; *Railroad Co.* v. *The State*, 33 Md. 554 ; *Schultz* v. *Railroad Co.*, 44 Wis. 638 ; *Mauerman* v. *Sumedt*, 71 Mo. 101 ; *Kelly* v. *Railroad Co.*, 70 Mo. 604 ; *Crow* v. *Beardley*, 68 Mo. 440.

THOMPSON, J., delivered the opinion of the court.

The plaintiff was run over by a train of cars of the defendant, and received an injury which rendered necessary the amputation of his foot; and he has brought this action against the defendant for damages, and has recovered a judgment for $2,000, from which the defendant appeals.

The plaintiff was a servant of the Missouri Pacific Railway Company. He was sent, on January 18, 1879, to put down a rail on the track of the Missouri Pacific railway, in order to connect one of the tracks of this company with a track of the defendant company, at a point near Tenth Street in the city of St. Louis. There were from ten to twenty railway tracks in the immediate vicinity, and trains were constantly passing and repassing upon them. It was a bright day, but the smoke from the passing engines necessarily darkened the air more or less. The plaintiff commenced the work of fastening the two rails together by means of a fish-bar or iron-strap, which is clamped against the side of the rails by four bolts fastened with nuts. In order to perform this operation he took a position partly on the track of the defendant, and partly on the track of the Missouri Pacific company, with his back toward the east and his body bent down. The outside rails of the two tracks were but two or three inches apart at that point. While in this position an engine of the defendant came along the defendant's track from the east, at the rate of about four miles an hour, backing sixteen cars ahead of it. It came out of the tunnel at Eighth Street, and from where the plaintiff stood could be seen for about the distance of a block of the city of St. Louis. The testimony is conflicting as to whether the bell of the engine was being rung, and as to whether any man was standing upon the front car. The plaintiff was expecting this train, though he did not see or hear it until it struck him, and inflicted the injury stated. He said in his testimony: "I had been on the lookout for this train; * * * I knew this train was com-

ing on the same track ; * * * I was watching out for the train ; * * * I heard no bell ; * * * I was putting on this nut with my fingers when I saw the train backing up. * * * Q. Did you look to see whether there was a man on the western end of the western car as the train was backing up? A. I didn't look. No, sir. Q. Were you paying any attention at all to the coming train? A. Yes, sir. Q. Were you looking at it? A. No, I was not looking at it. Q. And when you looked up it was just upon you? A. Yes, sir. Q. Couldn't you have faced the other way and done it just as well? A. I could not. Q. Why not? A. Because it would not be handy for me to do it. * * * It would have been safer, I allow that ; but it would not have been so handy for me to do the work."

The plaintiff also testified that he had had twenty years' experience as a railroad man ; that he had been acquainted with the place where the accident happened for three years, and that he had been working at that point off and on for six or seven days prior to the accident. . He had had many years' experience as a track-layer, and knew that it was dangerous. " If a man gets busied with his work," said he, " and gets his mind on it, and forgets, he is liable to be hurt ; but if he is wide awake he is not apt to be."

We take it that the plaintiff was not, at the time of the accident, a trespasser on the defendant's track, but that he was presumably there under a license from the defendant. We shall also assume, for the purpose of stating our conclusion, that there was evidence from which the jury might have inferred that the servants of the defendant were driving the train in a negligent manner, and in violation of an ordinance of the city of St. Louis, enacted to promote the safety of persons upon the railway tracks of the defendant within the limits of the city ; and that, but for this negligence and violation of law, the accident would not have happened. But it also seems to us that, from the plaintiff's own testimony, the conclusion is unavoidable that he was

also guilty of negligence, which was one of the efficient and concurring causes of the hurt which he received. It is settled law in this state, applicable to actions for injuries received by persons while upon railway tracks, from passing trains, that, if it appears from testimony produced by the plaintiff, that the person injured, being *sui juris*, failed to make use of his faculties of sight and hearing, when to do so would have enabled him to avoid the accident, there can be no recovery; and that where such a case is thus presented by the testimony, it is the duty of the judge to direct the jury to find a verdict for the defendant. *Drain* v. *Railroad Co.*, 10 Mo. App. 531; *O'Donnell* v. *Railroad Co.*, 7 Mo. App. 190; *Henze* v. *Railroad Co.*, 71 Mo. 636; *Fletcher* v. *Railroad Co.*, 64 Mo. 484; *Harlan* v. *Railroad Co.*, 65 Mo. 22; *Zimmerman* v. *Railroad Co.*, 71 Mo. 476.

The principle involved in this rule is equally applicable to the case of a traveller crossing a railway track, or a trespasser, or a bare licensee upon a railway track, or a person lawfully employed there. A fair statement of this rule is that, whenever it thus appears that the person so injured did not use his faculties, it is incumbent upon him to show a reasonable excuse for failing to do so.

And what excuse does the plaintiff show in this case? He was an experienced railroad man, familiar with this locality; he knew the general danger, and also that this particular train was approaching. He also knew that the noise of other trains which were constantly passing and repassing, might prevent him from determining by his sense of hearing the nearness of the particular train; and yet he voluntarily took his position a-straddle of one of the rails of the track on which this train was approaching, with his back towards it, and bent forward sufficiently near to the ground to prosecute the task of bolting an iron plate to the rail between his feet, a position which must have obstructed his hearing and prevented him from moving quickly out of the way of the train; and he did this, not because it was

necessary to do it in order to prosecute the work in which he was engaged, but because it enabled him to do it more conveniently. As these facts were furnished wholly from the plaintiff's lips, it seems to us to be clear that the defendant was entitled to the instruction which it asked the court to give, that the plaintiff could not recover. We can think of but one circumstance which would reinstate the plaintiff in his right to recover damages. If the servants in charge of the defendant's train had discovered him in this exposed and negligent position, in time to have avoided the accident by the exercise of reasonable care, and had failed to do so, he would be entitled to recover; but there is no evidence that they did. *Nelson* v. *Railroad Co.*, 68 Mo. 593, 597; *Rains* v. *Railroad Co.*, 71 Mo. 164; 2 Thomp. on Neg. 1157.

There is still another consideration. The plaintiff's own testimony shows that the negligence and violation of law on the part of the defendant's servants, if such there were, could not have been the proximate cause of his injury. Their failure to ring the bell, or to have a man on the front car to give danger signals, could not have been the cause of his receiving the hurt, because, *without these precautions, he knew that the train was coming.* Why should the defendant pay damages for neglecting to apprise the plaintiff of a fact which he already knew? *Moody* v. *Railroad Co.*, 68 Mo. 470, 474.

We deem it unnecessary to notice other questions relating to the merits. The record shows that the defendant's motion for a new trial was filed in time. For the error of refusing to direct the jury, at the request of the defendant, that the plaintiff could not recover, the judgment is reversed and the cause remanded. All the judges concur.