KELLEY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroad**: NEGLIGENCE: CONTRIBUTORY NEGLIGENCE. It is well settled that it is such negligence for one to attempt to cross or get upon a railway track at a public crossing or elsewhere, without looking and listening for an approaching train, as precludes a recovery for an injury sustained by him from a passing train or locomotive, whether the company's negligence also contributed directly to produce the injury or not; but there is this qualification to this rule: If the negligence of the company, which contributed directly to cause the injury, occurred after the party injured was, or by the exercise of proper care might have been, discovered on the track by the company's trainmen in time to stop the train and avert the calamity, the company is liable, however gross the negligence of the injured party may have been in placing himself in danger.

2. ——— : ——— : UNLAWFUL SPEED. The mere fact that a train is run through a city at a greater rate of speed than is allowed by ordinance, will not authorize a party injured to recover. There must be evidence connecting the violation of the ordinance with the injury, as a cause.

    The same is true as to failure to comply with the law requiring the bell to be rung.

3. ——— : ——— : CONTRIBUTORY NEGLIGENCE. It is not sufficient to exonerate a party from a charge of contributory negligence in attempting to cross a railway track in the face of an approaching locomotive, to show that he might reasonably have supposed that if the locomotive ran at its usual and lawful rate of speed for that place he could cross without harm. He has no more right to presume that the men in charge of the locomotive will obey the requirements of the law than they have, that he will obey the instinct of self-preservation and not unnecessarily thrust himself into danger.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Chas. A. Winslow* for appellant.

*Belch & Silver* and *Tichenor & Warner* for respondent.

HENRY, J.—This action was commenced in the special law and equity court of Jackson county, and removed by change of venue to the circuit court of said county. The plaintiff claimed, and recovered damages for an injury sustained by him in being run against by a locomotive of defendant, at a point where defendant's stock-yard track, in Tenth street, crosses Mulberry street, in Kansas City. From the judgment he obtained, defendant has appealed.

From the evidence for plaintiff, it appears that he was struck in the square formed by a street-car track which crosses the Hannibal track, in question; that he stepped upon the track without looking or listening for an approaching train. There were four railroad tracks in Tenth street, occupying most of the street, of which the defendant's stock-yard track was the southern. The plaintiff was crossing Tenth street from the south, and had passed over defendant's track. A train was coming in on the Kansas Pacific track, from the west, but the locomotive which ran against plaintiff, coming in the same direction passed it and reached the Mulberry street crossing where the accident occurred, first. The whistle on this locomotive was not blown, nor the bell rung, and the speed at which it approached the crossing was about ten or twelve miles an hour. Plaintiff's granddaughter testified for him that she witnessed the tragedy, and that she saw him got upon the track; that she " first noticed him near Mulberry street; he had crossed the block, and was going along near Tenth street. Did not see him stop at all. The engine was very close to him when he stepped up, and by the time he got there, (indicating the center of the square formed by rails of a street-car track crossing the defendant's stock-yard track in question,) the engine caught him. The engine was not far back when he stepped up; couldn't say how far, but it was quite near." Another witness for plaintiff testified, that he witnessed the accident; that the servants of defendant on the locomotive were not in their

proper places; that he saw nobody on the engine, but he signaled it with a bucket he held in his hand. He further says : "I saw him, and in a second he was struck."

That it is such negligence for one to attempt to cross, or get upon a railway track, at a public crossing, or else-where, without looking and listening for an approaching train, as precludes a recovery for an injury sustained by him from a passing train, or locomotive, whether the company's negligence also contributed directly to produce the injury or not, has so often been decided by this court, that it must now be regarded as the settled law of this State. *Maher v. R. R. Co.*, 64 Mo. 267 ; *Fletcher v. R. R. Co.*, 64 Mo. 484; *Harlan v. R. R. Co.*, 65 Mo. 22 ; *Harlan v. R. R. Co.*, 64 Mo. 480 ; *Zimmerman v. R. R. Co.*, 71 Mo. 476 ; *Moody v. R. R. Co.*, 68 Mo. 470 ; *Bell v. R. R. Co.*, 72 Mo. 50 ; *Purl v. R. R. Co.*, 72 Mo. 168 ; *Adams v. R. R. Co.*, 74 Mo. 553. This qualification is, however, recognized, that if the negligence of the company which contributed directly to cause the injury, occurred after the party injured was, or by the exercise of proper care, might have been, discovered upon the track by defendant's servants in charge of the train, in time to stop it and avert the calamity, the railroad company is liable, however gross the negligence of the injured party may have been, in placing himself in his dangerous situation. *Maher v. R. R. Co.*, *supra*; *Harlan v. R. R. Co.*, 65 Mo. 22 ; *Adams v. R. R. Co.*, *supra*.

That the plaintiff was guilty of such negligence as precludes his recovery, is manifest, unless defendant's negligence, after he was, or might have been, discovered on the track by the defendant's servants, in charge of the locomotive, was such as to render the company liable, without regard to his own negligence. From the evidence, it appears that he was instantly struck after he got upon the track. This is the testimony of his granddaughter. The other witness, who signaled the locomotive, says he saw the man, and that he was struck in a second after. He

1. RAILROAD : negligence : contributory negligence.

made the signal after he saw the plaintiff on the track, and, in a second after he saw the plaintiff the injury occurred. It is very evident that this witness did not speak of the interval which elapsed between the time he saw plaintiff on the track and the moment he was struck, from a time-piece, but it was a form of expression adopted by him to convey the idea, that there was but an exceedingly brief interval between the two events. This is a fair inference from his testimony, taken in connection with that of plaintiff's granddaughter. Plaintiff introduced no evidence to show within what time the engine could have been stopped. It is beyond controversy, that if plaintiff had looked, he would have seen the locomotive approaching. His own testimony proves his negligence, and also tends to prove that he stepped upon the track when the locomotive was so near him that no possible exertion which the servants of defendant in charge of the locomotive could have made, would have averted the calamity, even had they seen him on the track before he was struck by the locomotive. We have stated the substance of all the evidence introduced by plaintiff relating to the negligence of plaintiff and defendant's servants respectively, and adhering to the doctrine announced in the cases above cited, are of the opinion that the circuit court should have sustained defendant's demurrer to plaintiff's evidence.

This error would lead to a reversal of the judgment, if, on cross-examination of defendant's witnesses the testimony which plaintiff failed to introduce, had not been supplied. The engineer on the locomotive in question testified, that it could have been stopped in eight or ten feet. If running at twelve miles an hour, it would be at the rate of about sixteen feet per second. If the engineer and fireman had been at their places, and keeping such lookout as was their duty, in running through a populous city and approaching a public crossing, on one of its thoroughfares, the evidence tends to show that they would have seen the plaintiff, as he stepped upon the track, and could have

stopped the locomotive before it struck him. The engineer testified that plaintiff was nine or ten feet from the engine when he first saw him. He further says: "We had no steam up. An engine going that way, could be stopped very quick. I can't say in how many feet. I think I said before in six feet. I say eight or ten feet now. We could have stopped it quicker, if we had known that we were to stop right then." From all the evidence, it is by no means a forced deduction, that, if the engineer and fireman on the locomotive had each been at his proper place, and running with that care and watchfulness which is demanded of them in running through the streets of a populous city, they would have observed this man on the track, or as he was stepping upon it, in time to have prevented this accident, by prompt action on their part. Therefore, we cannot reverse this judgment for the error committed by the court in overruling the demurrer to plaintiff's evidence.

Defendant complains of the first instruction the court gave for plaintiff, which declared "that it was negligence
2. ———. ———: for defendant to run its locomotive engine in
unlawful speed.   the City of Kansas, at a rate of speed exceeding six miles an hour." Abstractly, this was correct. There was an ordinance of the city, which it was authorized to pass, prohibiting a greater rate of speed, but, unless there was evidence to connect with the accident, the violation of the ordinance, as a cause, it was no ground for recovery.

The objection urged to the other instructions, except three, four, six and seven, is, that there was no evidence in the case tending to prove, that after plaintiff got upon the track, there was an intervening period of time between that and the collision, within which defendant's servants, in charge of the locomotive, could have discovered him on the track and stopped the locomotive before it struck him. This is answered by what is before said in relation to the demurrer to the evidence.

The third given for plaintiff is erroneous. It allowed

the jury to find for plaintiff if they found that defendant's servants failed to ring the bell, whether the injury to plaintiff was occasioned by such failure or not.

The fourth declared "that while plaintiff, in crossing the railway of defendant, was bound to use care, etc., and under ordinary circumstances was bound to use his ears and eyes, yet, if plaintiff, while carefully watching, and keeping out of the way of, the Kansas Pacific train, stepped back upon the track of defendant, and was run against by defendant's engine, which was backing at a greater rate of speed than six miles per hour, and upon which no bell was ringing, then you can take these matters into consideration in determining whether or not plaintiff did use the care and caution to avoid danger he ought to have done, under the circumstances." The objection urged is, that there was no evidence to support the instruction. Counsel, in making the objection, have certainly overlooked the testimony of the engineer. It was as follows: "Kelley told me when he got up, he was stopping there, saw the Kansas Pacific train, and that he heard my bell and was waiting for Kansas Pacific train to pass. My bell was ringing, and hearing it he stepped back on 'it," (the track). We think the evidence warranted the instruction. We do not pass upon the weight of the testimony on any issue of fact, but only on its tendency. This instruction has, however, a vice which the seventh, hereafter to be considered, contains.

In the sixth instruction for plaintiff the jury were told that in determining whether plaintiff exercised such

3. ——: ——: *care as ought to have been reasonably ex-*
contributory neg-
ligence. pected from one in his situation, they might take into consideration whether or not, even if he looked up the track and saw the engine which struck him, it was at such a distance that, with its usual and lawful rate of speed at that place, he might reasonably have supposed that he could have crossed without harm. This is in direct conflict with *Moody v. R. R. Co.,* 68 Mo. 470, and besides, is

wholly unwarranted by any evidence in the case, and contradicts the very theory upon which plaintiff has based his right of recovery. It is not pretended that he was attempting to cross the defendant's track. His own testimony shows that he had crossed this track, on his way home, and the reasonable inference from all the evidence, is, that he stepped upon defendant's track to wait until the train on the Kansas Pacific passed. But, whether he was attempting to cross or not, no one can make such a venture and recover damages for an injury sustained in consequence of its failure. If the locomotive is so near him that he deems it necessary to enter into such a calculation of chances, it is then conclusive that an attempt to cross its path is recklessness. He has no more right to presume that the servants in charge of the locomotive will obey the requirements of the law, than they have, that he will obey the instinct of self-preservation, and not thrust himself into danger unnecessarily.

We also think that the seventh instruction for plaintiff was not applicable to the case, made by the evidence. It would be applicable in a case where the negligence of the defendant had placed the plaintiff in a situation of danger, but not when he has voluntarily and unnecessarily placed himself in this peril. If he stopped for the Kansas Pacific train to pass, there was a place of safety for him in the space between the tracks. He had no occasion to get upon the defendant's track. There was nothing in the approach of the Kansas Pacific train to frighten him. It was running slowly, and plaintiff had been in the habit of passing over the crossing, and knew that it was not unusual for trains to pass there. Neither his hearing, vision nor intellect was impaired by old age or other infirmity. If he had exercised ordinary prudence under the circumstances in which he was placed, the accident would not have occurred; but, as before stated, the failure to exercise such prudence will not prevent his recovery, if the servants of the defendant saw him, or might have seen him on the

track, in time to prevent the accident; if they had been at their posts, discharging their duty.

For the errors above noticed, the judgment will be reversed and the cause remanded. All concur, NORTON, J., in the result.