HUTCHINSON et al., Appellants, v. MISSOURI PACIFIC RAILWAY COMPANY.

In Banc, March 30, 1906.

1. **NEGLIGENCE: Failure to Ring Bell: Train Seen.** A failure to ring the bell of a train approaching a crossing, though an act of negligence, is immaterial, if the traveler saw the train.

2. ————: **Contributory.**   A traveler, knowing a train was approaching and in close proximity to her, stepped upon the track in front of the engine when it was but a few feet from her, and while pausing there for a moment to pick up something she had dropped was struck and killed. *Held*, that she was guilty of such contributory negligence as authorized a verdict for defendant, notwithstanding defendant's negligence is undisputed.

Appeal from St. Charles Circuit Court.—*Hon. E. M. Hughes*, Judge.

AFFIRMED.

*A. R. Taylor* for appellants.

(1)   On the undisputed evidence the verdict should have been for plaintiffs.   This court has repeatedly held that where there is no evidence to support the

verdict, the court will set it aside. Sharp v. Railroad, 161 Mo. 236; Tanner v. Railroad, 161 Mo. 511. In each of these cases the court, in the face of the jury's verdict that there was no contributing negligence, found that there was such contributing negligence and set the verdicts aside. In this case there was, we submit, a total absence of evidence of contributory negligence. The deceased was at the station of the defendant, where it received passengers, having already bought her ticket entitling her to be a passenger on defendant's train. She was a passenger and entitled to the high care due a passenger from the carrier whilst passing from the waiting room across the tracks to the place where the defendant invited its passengers to take its trains. Hutchinson on Carriers of Passengers (2 Ed.), sec. 557, citing Railroad v. Perry, 58 Ga. 461. Even if waiting at a station to become a passenger and before purchasing a ticket, a party is a passenger and entitled to the care for his safety owed by the carrier to a passenger. Hutchinson on Carriers of Passengers (2 Ed.), sec. 559, citing Caswell v. Railroad, 98 Mass. 194; Ray on Neg. and Imp. Duties, p. 5; Weller v. Railroad, 164 Mo. 199. (2) Negligence and contributory negligence have the same identical elements. To run a train past a station where passengers should be expected to be gathering has been declared by courts of high respectability to be gross negligence. Terry v. Jewett, 84 N. Y. 338; Brassfield v. Railroad, 84 N. Y. 241. A failure to anticipate a violation of the ordinances, as to speed and bell, cannot be imputed as negligence. Every citizen has a legal right to expect obedience to the law by every other citizen, including railroads, and to act on this assurance. This is a rudimental condition of civilization. No one is negligent for failing to anticipate that another will violate the law. Petty v. Railroad, 88 Mo. 319; Eswin v. Railroad, 96 Mo. 295; Shearman & Redfield, Negligence (3 Ed.), sec. 31; O'Connor v. Railroad, 94 Mo. 157; Crumpley v. Railroad, 111 Mo. 158; Kilny

v. Railroad, 101 Mo. 77; Gratiot v. Railroad, 116 Mo. 464; Sullivan v. Railroad, 117 Mo. 222; Hutchinson v. Railroad, 161 Mo. 256; Weller v. Railroad, 164 Mo. 199.

*Henry G. Herbel* and *Martin L. Clardy* for respondent.

BRACE, C. J.—The plaintiffs are minors suing by their next friend to recover the statutory damages of $5,000 for the death of their mother, who was a widow, and whose death, it is alleged, was caused by the negligence of the defendant.

The verdict and judgment below was for the defendant, and the plaintiffs appeal.

This is the second appeal in this case. On the first trial a demurrer to the plaintiffs' evidence was sustained in the trial court, and the plaintiffs appealed. On that appeal we held that the instruction in the nature of a demurrer to the evidence ought not to have been given, and for that error reversed the judgment of the circuit court and remanded the case for retrial in accordance with the law as declared in the opinion then handed down. [161 Mo. 246.] The case was retried on the same pleadings and on substantially the same evidence as before. A full and accurate statement of the case will be found in the former opinion and need not be repeated here. On the retrial all the evidence offered for the plaintiffs was admitted and all the instructions asked for them given, and of those given for the defendant the only one excepted to is the following:

"The court instructs the jury that the purpose of the law in requiring the bell of the engine to be sounded is to warn persons of the approach of the train; when they see or hear a train approaching, then the fact that they do not hear the engine bell, or the fact that such bell is not sounded, is immaterial. In this case, the jury are instructed that the evidence shows that Mrs.

Hutchinson knew the train was approaching when she attempted to cross the tracks, and, therefore, the fact, if it be a fact, that the bell was not sounded cannot be considered by the jury."

In the first paragraph of the former opinion it was expressly ruled that "the fact, if it be a fact, that the engine bell was not rung as the statute requires, is immaterial under the other facts of the case. The object of ringing the bell is to give notice of the approach of the train; but in this instance that was unnecessary, because Mrs. Hutchinson heard and recognized the whistle and saw the headlight; she knew the train was coming, and required no further warning. The failure to ring the bell, though an act of negligence, could not have contributed to the catastrophe."

The instruction was not only in strict conformity to the ruling on the former appeal in this case, but to the rulings in many other like cases. [Moody v. Railroad, 68 Mo. 470; Rine v. Railroad, 88 Mo. 392; McManamee v. Railroad, 135 Mo. 440.]

There was no error in giving this instruction, and, as this is the only error assigned in the trial of the cause, it would seem that in finding there was no error in this respect, in the ordinary course of things the end of the case would have been reached and nothing would remain to be done except to affirm the judgment.

Nevertheless, it is stoutly insisted by counsel that the judgment ought to be reversed and a judgment for the plaintiff directed, notwithstanding the verdict, for the reason that the uncontradicted evidence showed gross negligence on the part of the defendant and there was not a scintilla of evidence tending to prove contributory negligence upon the part of the deceased.

In view of the history of this case, this is a remarkably proposition. The negligence of the defendant through the whole of that history has been practically undisputed. The sole bone of contention has been the contributory negligence of the deceased. It was so pal-

pable and overwhelming to the mind of the learned judge who first tried the case that he sustained a demurrer to the evidence. It was so manifest to the mind of three of our associates when that ruling came before us on the first appeal that they were of the opinion that the trial judge correctly sustained the demurrer. Nine of the twelve jurors who tried the case below found the fact so to be and the judge before whom it was last tried sanctioned their verdict. And yet according to this contention there was not a scintilla of evidence upon which these numerous minds of different experiences and varied accomplishments based their conclusion. The proposition is, however, still more remarkable in face of the undisputed facts that this unfortunate lady, knowing that the train was approaching and in close proximity to her, stepped upon the track in front of the engine and when it could have been but a few feet distant from her, and, while pausing there for a moment to pick up something that she had dropped, was immediately struck and killed. To say under such circumstances there was not a scintilla of evidence that she was guilty of contributory negligence is preposterous. In the light of these facts and in view of the history of the case, a review of the specious reasoning that attempts to sustain such a conclusion is unnecessary.

The judgment of the circuit court is affirmed.
All concur.