SPENCER v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

**Bill of Exceptions.** To authorize the filing of a bill of exceptions at a term subsequent to that at which the trial is had, requires the assent of both the parties and of the court entered of record at the term of trial and judgment.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

*Fred. Wislizenus* for respondent

PHILIPS, C.—Respondent recovered judgment against the appellant for damages resulting from the alleged wrong-

ful killing of two horses belonging to plaintiff. From this judgment the defendant appealed to this court. The record shows that judgment was rendered at the September term, 1879, of the court, and appeal perfected at the same term. The respondent raises here the question as to whether any bill of exceptions was filed as required by law. The record proper, so called, does not show that any bill of exceptions was filed in the case. But what purports to be the bill of exceptions contains the following recital:

"In the circuit court, September term, 1879, eighth day, Tuesday, September 10th, 1879. The following proceedings appear of record in said cause, to-wit: Corwin H. Spencer against the St. Louis, Iron Mountain & Southern Railway Company. Now again on this day come the parties aforesaid, by their respective attorneys, and here in open court agree and consent that defendant have leave to file his bill of exceptions any time during vacation up to and including the next term of this court."

No bill of exceptions was filed during the term at which the case was tried. To authorize the filing of such bill at a subsequent term to the term at which the trial was had requires the assent of both the parties and that of the court entered of record at the term of trial and judgment. *McCarty v. Cunningham*, 75 Mo. 279. As the consent of the court to the subsequent filing of the bill of exceptions does not appear of record at the term when judgment was entered and motions for new trial and in arrest were disposed of, what purports to be the bill of exceptions in this record cannot be considered.

Perceiving no errors in the record proper, the judgment of the circuit court must be affirmed. EWING, C., concurs; MARTIN, C. absent.