Rine v. The Chicago & Alton Railroad Company.

RINE V. THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant.*

1. **Negligence:** RAILROAD: PERSON ON PRIVATE RIGHT OF WAY: KNOWLEDGE OF BY SERVANTS OF COMPANY: DUTY TO AVOID ACCIDENT. Notwithstanding one who was killed by being run over by a tender and engine was guilty of negligence, in being at the time on the private right of way of the railroad, still if those in charge of the tender and engine saw him in an exposed and dangerous position in time to have avoided the injury, then they were bound to use all reasonable efforts consistent with their own safety and that of the engine and tender to avoid such injury.

2. ————: ————: ————: ————. The liability of the company in such case is limited to negligence and want of care occurring after the exposed and dangerous position of the injured party came to the knowledge of the servants charged with the want of care.

3. ————: ————: ————: ————. The company is not liable in such case on the theory that the servants of the company might, by the exercise of ordinary care, have become aware of the negligence of the deceased and his dangerous condition in time to have avoided the accident—and failed to do so.

4. ————: ————: ————: ————. This case distinguished in the latter respect from the cases of *Frick v. Ry.*, 75 Mo. 595, and *Kelly v. Ry.*, 75 Mo. 138.

5. **Bill of Exceptions:** FILING IN VACATION. An entry of record to the effect that, on motion of defendant, and by consent of plaintiff, leave was given to file the bill of exceptions thirty days after term is sufficient to authorize the filing of the bill. The fact that the court made the order sufficiently shows its consent thereto.

*Appeal from Lafayette Circuit Court.*—HON. JOHN P. STROTHER, Judge.

REVERSED.

*Macfarlane & Trimble* for appellant.

(1) The third paragraph in defendant's answer should not have been stricken out. (*a*) The statute makes the defence a complete bar to an action for negligence. R. S., sec. 809. (*b*) It was new matter constituting a defence, and under the code is required to be set up in the answer. R. S., sec. 3521. (*c*) Contributory negligence is a defence which has to be pleaded. Bliss on Pleading, sec. 200 ; *Thompson v. Railroad*, 51 Mo. 192 ; *Loyd v. Railroad*, 53 Mo. 513. (*d*) This defence is similar to contributory negligence, but different from it. Defendant owed no duty to deceased, if a trespasser, except not to wilfully or wantonly injure him. 1 Thompson on Negligence ; *Railroad v. Graham*, 12 Am. and Eng. Ry. Cases, 77 ; *Railroad v. Goldsmith*, 47 Ind. 43 ; *Ry. v. Collins*, 87 Pa. St. 366 ; *Wright v. Railroad*, 129 Mass ; 2 Am. and Eng. Ry. Cases, 121 and note ; see also authorities cited under appellant's third point. (2) The first instruction given the jury at the request of plaintiff wholly ignored the defence of contributory negligence, and authorized a recovery on proof of negligence on defendant's part alone. This was error. *Johnson v. Railroad*, 77 Mo. 553 ; *Nugent v. Curran*, 77 Mo. 327 ; *Henry v. Bassett*, 75 Mo. 92 ; *Modisett v. McPike*, 74 Mo. 648 ; *Thomas v. Babb*, 45 Mo. 384 ; *Henschen v. O'Bannon*, 56 Mo. 289 ; *Sullivan v. H. & St. Jo. R. R.*, ante, p. 299. (3) Defendant did not owe deceased, who was a trespasser on its track, the duty of watchfulness or care. Unless defendant's acts, which resulted in the death, were wilful, it cannot be held liable therefor. Defendant cannot be held liable for the negligence of its employes in failing to see that deceased had walked on to the side track. Unless they knew he was there their acts were

not wilful. Defendant's instructions, numbers one to three, should have been given as asked and should not have been amended. *Adams v. Railroad*, 74 Mo. 554; *Yarnall v. Railroad*, 75 Mo. 576; *Zimmerman v. Railroad*, 71 Mo. 478; *Isbel v. Railroad*, 60 Mo. 475; *Maher v. Railroad*, 64 Mo. 276; *Karle v. Railroad*, 55 Mo. 484; *Morrisy v. Wig. Ferry Co.*, 43 Mo. 380; *Straus v. Railroad*, 75 Mo. 191; *Henry v. Railroad*, 76 Mo. 295; *Hallihan v. Railroad*, 71 Mo. 116; *Railroad v. Hart*, 87 Ill. 529; *Lavemez v. Railroad*, 56 Iowa, 689; *Railroad v. Hall*, 72 Ill. 222; *Railroad v. Depew* [Ohio] 12 A. & E. Ry. Cases, 64; *Railroad v. Cooper*, 12 A. & E. Ry. Cases [Ky.] 5. (4) Defendant's second, fourth and sixth instructions should have been given. They fairly presented the question of contributory negligence. *Powell v. Railroad*, 76 Mo. 81; *Lenix v. Railroad*, 76 Mo. 86; 2 Thompson on Negligence, 1157; *Sullivan v. Railroad*, *ante*, p 299; *Bell v. Railroad*, 72 Mo. 51. It is a presumption that an adult person will leave the track and get out of danger when he sees an approaching train. *Railroad v. Cooper*, [Ky.] 6 A. & E. Ry. Cases, 5, and authorities cited in note on p. 18; *Railroad v. Graham*, 12 A. & E. Ry. Cases [Ind.] 77; *Railroad v. McLaren*, 8 Cent. L. J. 244; *O'Donnell v. Railroad*, 7 Mo. App. 190. (5) Defendant's third instruction refused should have been given. If deceased knew the engine was approaching him there was no need of the signals. *Holman v. Railroad*, 62 Mo. 257; *Henry v. Railroad*, 76 Mo. 295; *Zimmerman v. Railroad*, 71 Mo. 476; *Purl v. Railroad*, 72 Mo. 169; *Bell v. Railroad*, 72 Mo. 58. (6) The jury should have been instructed under the pleadings and all the evidence to find for defendant. (*a*) Those in charge of the engine had a right to presume that when deceased looked back and saw the engine approaching, he would get out of the way of danger, and it was not negligence on their part to give

him no further attention. *Railroad v. Cooper*, 12 A. & E. Ry. Cases [Ky.] 5 ; see note p. 18 ; *Ry. v. Graham*, 12 A. & E. Ry. Cases [Ind.] 77 ; *Ry. v. McClaren*, 8 Cen. L. J. 244 ; *Kelley v. Ry.*, 75 Mo. 138 ; *O' Donnell v. Ry.*, 7 Mo. App. 190. (*b*) It was gross negligence on the part of deceased when he saw the engine approaching to step onto another track without knowing upon which track the engine would run. *Hallihan v. Ry.*, 71 Mo. 116 ; see authorities cited *supra; Zimmerman v. Ry.*, 71 Mo. 477 ; *Henry v. Ry.*, 76 Mo. 288 ; *Harlan v. Ry.*, 64 Mo. 481 ; *Harlan v. Ry.*, 65 Mo. 22. (*c*) If it was negligence in the train men not to see deceased when he walked onto the side track, it was also negligence on the part of deceased to go onto the side track, and both being contemporaneously negligent the loss falls on plaintiff. 2 Thompson on Negligence, 1157 ; *Kelly v. Ry.*, 75 Mo. 138 ; *Straus v. Ry.*, 75 Mo. 191 ; *Purl v. Ry.*, 72 Mo. 168 ; *Adams v. Ry.*, 74 Mo. 553 ; *Powell v. Ry.*, 76 Mo. 80 ; *Bell v. Ry.*, 72 Mo. 50 ; *Lenix v. Ry.*, 76 Mo. 90 ; *Ry. v. Carrigan*, 35 Mich. 468.

*J. D. Shewalter* for respondent.

(1) The agents of a railroad in charge of an engine, in running the same, are bound to exercise ordinary care, the degree of it being dependent on the place and circumstances. *Kennayde v. Ry.*, 45 Mo. 260 ; *Karle v. Ry.*, 55 Mo. 476 ; *O' Flarety v. Ry.*, 45 Mo. 72 ; *Kelly v. Ry.*, 75 Mo. 138. (2) If deceased was guilty of negligence there can be no recovery unless the defendant's agents knew or (as the necessary sequence of the first point) could have known by the exercise of ordinary care (regard being had to the place), the danger to which deceased had exposed himself in time to avert the accident with safety. *Kelley v. Ry.*, 75 Mo. 138 ; *Harlan v. Ry.*, 65 Mo. 25–26 ; *Isbell v. Ry.*, 60 Mo. 481. If so, then the negligence of

deceased ceases to be any excuse.   *Kelley v. Ry.*, 75 Mo. 140.   (3) The record shows consent only of plaintiff for respondent to file its bill of exceptions in this case. This is insufficient.   *McCarty v. Cunningham*, 75 Mo. 279 ; *Spencer v. Ry.*, 79 Mo. 500.   And there is nothing but the record proper for this court to examine. (4) The trial court did not err in striking out the first paragraph of the answer,  The defendant was not authorized to kill the deceased because he was at the time of the injury a trespasser.  The statute does not make the trespass a bar to the suit.   (5) The first instruction for plaintiff is not defective in that it ignored the defence of contributory negligence, because the latter is in its nature a defence. (6) If the defendant's servants saw or knew the danger of the deceased after his negligence occurred in time to avert the accident, it is liable, and the servants were bound to use ordinary care, and this requires them to see and know what can be seen and known by the exer-cise of ordinary care.   *Kelly v. Ry.*, 75 Mo. 140 ; *Frick v. Ry.*, 75 Mo. 612 ; *Karl v. Ry.*, 55 Mo. 477.

BLACK, J.—The plaintiff sued for damages because of the death of her unmarried son, nineteen years of age. The petition states that defendant's servants negligently ran an engine and tender over him.   The answer is, that whilst the engine and tender were being backed on and along the track, deceased negligently walked on the track and in front of the tender, because of which he was run over.   The reply states, that notwithstanding deceased was on the track, the servants of defendant could and in fact did see him in ample time to have stopped the engine. but failed to do so.   Plaintiff resided at Blackburn, a station on the road where she kept a hotel. She was accustomed to prepare lunch for the train men. The deceased was in the habit of going to Corder, another station west of Blackburn, two or three times a week to

get meat for his mother's table. He would go on one freight train and return on another, and had become well acquainted with the train men. He often assisted them in loading and unloading freight, would set brakes, throw switches, and the evidence shows that he sometimes rode on the engine. On the occasion in question he rode on the freight train from Blackburn to Corder as usual. The road at the latter place runs east and west. The depot is on the north side of the track. South of the depot, besides the main track, are two side tracks; on the outside one, and nearly opposite the depot, is situated the freight warehouse. Lafayette street is four or five hundred feet west of the depot; crosses the railroad at right angles, and the open depot grounds appear to extend up to that street. Two switches and their targets are located between this street and the depot—the first sixty or seventy feet east of the street, and the second on the first side track, sixty or seventy feet still further east; from these switches the side tracks extend eastward beyond the depot and warehouse. The train in question stopped at the depot, and the evidence tends to show that young Rine assisted in unloading some freight; also that he heard the station agent inform the conductor that there was some machinery to be loaded at the warehouse; but this is controverted by other evidence. At all events, three cars with the engine were cut loose from the train, pulled west and then run on the outer side track to the warehouse.

While the machinery was being loaded into these cars the deceased went to a hotel on the street before named, and one hundred and fifty feet north of the main track, on his errand. In the meantime the engineer and fireman ran the engine and tender a quarter of a mile west to a coal shaft and took on coal. Rine left the hotel, passed along the street to the track, and thence along the same towards the depot. At the same time the engine and tender backed in from the coal shaft at the rate of

eight or ten miles an hour. Between the first and second switches Rine was run over by the tender as it and the engine passed over the side track towards the warehouse. The witnesses all say that when he was at, or just passed, the first switch, he halted, looked towards the approaching engine; some say he stepped off the main track to the side track, others thought he left the track, and others say he appeared to have stepped across the switches. When he thus looked back the engine was from thirty to fifty yards off and he only walked ten to twenty steps along the side track with his back towards the engine until struck. The engineer was on the right side of the engine at his proper place. The fireman was on the tender arranging the coal and in plain view of Rine. He says he saw Rine when at the crossing; that Rine started down the side track between the switches; that Rine looked at the engine and then stepped off on the edge of the ties; that when Rine stepped out of the way he paid no more attention and went to his work. The evidence shows that the engine could have been stopped in a distance ranging from ten to thirty feet. There is evidence that the bell was, and that it was not ringing, but we do not regard this as a matter of any consequence, for the admitted facts are that Rine saw the engine coming, and he was not killed at any crossing. Whether the bell was rung or not is a matter of no consequence. *Bell v. Ry.*, 72 Mo. 58.

That Rine was guilty of negligence in being on either the track or side track is conceded. So far as the trial of the issues in this case are concerned he was and must be regarded as a trespasser. R. S., 1879, sec. 809. Still all this did not relieve the defendant from all obligations of care towards him. The third defence, which only set up that deceased was not connected with or employed for the road, and was killed while on the track at a place where the statutes declare him to be a trespasser, was properly stricken out. If the facts are as stated by the

fireman, *i. e.*, that deceased was on the side track when he looked back and saw the engine and he then stepped off, the fireman had a right to assume that he got out of the way and would stay out of the way. The court fairly instructed on this theory of the case, and had this been the whole case it would have been the duty of the court to have directed a verdict for the defendant. Most of the evidence tends to show that when Rine looked back, saw the engine and tender coming, and was seen by the fireman, he stepped from the main to the side track, and walked on that, doubtless erroneously assuming that the engine would continue on the main track to the depot. It may be inferred from the evidence, that the fireman knew the switches were open and the engine and tender were going to the warehouse, and that Rine was in a dangerous place. Notwithstanding the deceased was guilty of negligence, as beyond all doubt he was, still, if those in charge of the engine and tender saw him in an exposed and dangerous position in time to have avoided the injury, then they were bound to use all reasonable efforts consistent with their own safety and that of the engine and tender, to avoid the injury. *Adams v. Ry.*, 74 Mo. 554. But under the circumstances disclosed in this case many authorities hold that the liability should be limited to negligence and want of care after the exposed and dangerous position of the injured party comes to the knowledge of those servants who are charged with the want of care. *Yarnall v. Ry.*, 75 Mo. 583 ; *Maher v. Ry.*, 64 Mo. 267 ; *Zimmerman v. Ry.*, 71 Mo. 477.

The defendant asked the court to give the following instruction, omitting the words in italics :

"3. Defendant is liable in this case only if its servants failed to exercise ordinary care to prevent the injury, after they became aware of the danger to which deceased was exposed ; *or after they might have became aware thereof by the exercise of ordinary care ;* and by

ordinary care is meant such care as would be ordinarily used by prudent persons performing a like service, under similar circumstances."

The court modified the instruction by inserting the italicised words, and of this action of the court error is assigned. According to the authorities before cited, the instruction should have been given as asked. There is no analogy between the case at bar, as respects the question under consideration, and those cases where the servants fail to observe some municipal or statutory regulation and the injury is attributed in whole or part to that, or where they are not found at their proper places when passing a public crossing, or going through a populous city or district, or fail to heed due warning of danger. These observations are sufficient to distinguish this case from *Frick v. Ry.*, 75 Mo. 595, and *Kelley v. Ry.*, *Ib.* 138. Here the fireman and engineer were at their proper places, were not going at an unlawful rate of speed, and were not negligent in the management of the engine and tender, unless it was after one of them saw deceased was in actual danger. The deceased was a man of discretion; he was familiar with the operation of the train, and also with the operation of switches, over one of which he had just passed. All this the fireman well knew, and he had a right, under the circumstances, to assume that the deceased would use ordinary prudence, at least, for his own protection. Such a qualification as the one in question will be proper in some cases, but it cannot and ought not to be applied in this case. The defendant ought not to be held liable by anything short of proof and an unqualified finding that these servants negligently failed to exercise reasonable care to avoid killing Rine when and after they actually became aware that he was in an exposed and dangerous position. It ought also to appear that they then had the time and the opportunity to have avoided the injury, and could have done so by the use of reasonable care in that behalf. This instruction and

Rine v. The Chicago & Alton Railroad Company.

the first and second asked by the defendant, and which were qualified in a like manner, should have been given as they were asked, and those given for the plaintiff should be made to conform thereto.

The pleadings virtually admit, and all the evidence shows, that deceased was on the track where and when he should not have been, all of which is entirely ignored in the first instruction. Although we may be able to see from the whole series of instructions that such an instruction worked no harm, still the better practice is to omit such instructions.

The bill of exceptions shows that when the motion in arrest and for new trial were overruled, the following entry was made: "On motion of said defendant and by consent of plaintiff leave is given said defendant to file bill of exceptions thirty days after this term," etc. The very fact that the court made the order sufficiently shows its consent thereto, and the consent of the parties to the suit is clearly expressed, for one asks the leave and the other grants it. Nothing more ought to be required. In so far as *Spencer v. Ry.*, 79 Mo. 500, and *McCarty v. Cunningham*, 75 Mo. 279, do or are supposed to announce a different rule, they are hereafter to be regarded as modified by what is here said. The record shows the court was still in session on April 20, 1883. The bill of exceptions was filed on the seventeenth of May following, and it is, therefore, a part of the record of the case.

The judgment is reversed, and the cause is remanded for new trial. All concur.

SHERWOOD, J., CONCURRING.—I am glad to see that the heresy in relation to bills of exceptions has at length been gibbeted. In *McCarty v. Cunningham*, 75 Mo. 279, the ruling now made was expressly urged on our attention and a motion for rehearing was filed, but it was overruled. I dissented in that case, and have so done

since, but I am not so marked. I was never able to see how any entry of record could be made without the consent of the court first had and obtained. Such consent is of necessity implied by the fact of the entry being made. The entry of record showing consent of parties to filing the bill of exceptions in vacation is all that is requisite. *West v. Fowler*, 55 Mo. 300; *Ellis v. Andrews*, 25 Mo. 327; *State v. McOblenis*, 21 Mo. 272; *West v. Fowler*, 59 Mo. 40.