DUNKMAN, *Appellant*, v. WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY.

1. **Practice :** OBJECTIONS TO EVIDENCE. An objection to the introduction in evidence of a city ordinance, on the ground that the subject is not clearly expressed in its title, will not be considered on appeal where such objection was not made at the time of the offer of the ordinance.

Dunkman v. Wabash, St. L. & Pac. Ry. Co.

2. **Railroad:** CONTRIBUTORY NEGLIGENCE: FAILURE TO DISCOVER DANGER OF PARTY INJURED. Notwithstanding the injured party may have been guilty of contributory negligence, the railroad, in an action against it for negligence, is still liable for the injury if it could have been prevented by the exercise of reasonable care on its part, after the discovery of the danger in which the injured party stood; or if the defendant failed to discover the danger through its own recklessness, when the exercise of ordinary care would have discovered it and averted the calamity.

3. —— : ——·——. The foregoing rule applies in populous districts and large cities, especially where by ordinance precautions and safeguards are required to be observed in the management of trains within the city limits, or where a limitation has been imposed by like ordinance on their rate of speed.

4. —— : ——. But in the country and in villages, the liability of the company is limited to negligence and want of care occurring after the exposed and dangerous position of the injured party came to the knowledge of the servants charged with the want of care.

5. —— : ——. This case distinguished from *Rine v. Railroad*, 88 Mo. 392.

6. **Negligence:** LIABILITY OF RAILROAD. Where coal merchants, for their exclusive use and benefit, and for the purpose of facilitating the reception of carloads of coal, had caused, by agreement with defendant railroad, a switch track to be connected with the track of defendant, the coal merchants agreeing that they would keep a watchman to notify employes of their patrons of the approach of trains, and such employe is injured through failure of the merchants to provide a watchman to give such warning, such failure is no defence to the railroad in an action against it for an injury to such employe caused by its failure to observe a city ordinance requiring it to keep a watchman on the rear end of its freight trains to warn persons of danger and to sound the bell of its locomotives within the city limits.

*Appeal from St. Louis Court of Appeals.*

REVERSED AND REMANDED.

*A. R. Taylor* for appellant.

(1) The St. Louis court of appeals was clearly in

error as to instruction number eight. (2) The modification of said instruction, as made by the trial court, was necessary to make it harmonize with instruction number two given for the plaintiff, which was the precise law. *Harlan v. Railroad*, 65 Mo. 22; *Kelly v. Railroad*, 75 Mo. 140; *Scoville v. Railroad*, 81 Mo. 440; *Welsh v. Railroad*, 81 Mo. 466; *Merz v. Railroad*, 88 Mo. 672; *Bergman v. Railroad*, 88 Mo. 678; *Rine v. Railroad*, 88 Mo. 392. (3) Defendant's instruction number four, given, was a correct declaration of the law upon defendant's theory of the facts. And fully presented the law of the facts to the jury. (4) The court of appeals was in error in supposing that because plaintiff, by taking a position on the car when he was at work, with his back towards the north, without constantly watching and listening for an approaching train, was guilty of contributory negligence that directly caused his injury. The instruction numbered eight, as presented by the defendant, barred plaintiff of a recovery, if such action by plaintiff "contributed directly to bring about his injury," notwithstanding, the defendant's servants failed to observe the provisions of the ordinance, when, by doing so, they would have seen plaintiff in danger, and could have averted the injury by ordinary care. Such instruction completely ignored the question, as to whether defendant's servants saw, or, by the exercise of ordinary care, would have seen and averted injury from plaintiff, notwithstanding he was negligent. *Merz v. Railroad, supra; Bergman v. Railroad, supra; Rine v. Railroad, supra.* (5) The plaintiff, by the facts supposed in instruction number eight, before the modification by the court, was in a better position to recover than Bergman or Merz, in that he was lawfully on the car, absorbed in his work, whilst they were trespassers upon the track, yet this court held them entitled to recover. (6) The very fact that plaintiff might be lawfully on the track and absorbed in his work,

required of defendant the exercise of diligent care. *Goodfellow v. Railroad*, 106 Mass. 461 ; 2 Thompson on Neg. 461 ; *Railroad v. State*, 33 Md. 542 ; *Stenson v. Railroad*, 32 N. Y. 333. (7) There is nothing in the defence pleaded that defendant had an' agreement with Donk Bros. & Company that they should have a watch-man. This is no excuse for defendant's violation of the ordinance. Defendant could not relieve itself of its stat-ute duty in this way. *Speed v. Railroad*, 72 Mo. 312. (8) The ordinance was valid. *Merz v. Railroad, supra ; Bergman v. Railroad, supra.*

*H. S. Priest, Geo. S. Grover* and *Joseph Dickson* for respondent.

(1) The defendant's demurrer to plaintiff's evidence and the demurrer at the conclusion of all the testimony should have been given : (*a*) Because plaintiff relied solely for his ground of recovery on the violation of section 2 of ordinance number 10,305, entitled, "An ordinance to regulate the speed, within the limits of the city of St. Louis, of cars and locomotives propelled by steam power." Said section 2 relates solely to the obstruction of the street crossings by trains, the ringing of the bells on engines while in motion, and the manning of the trains while in motion. By section 13, article 3, of the charter of the city of St. Louis, of which courts are required to take judicial notice (Const. 1875, art. 9, sec. 21), it is provided that "no bill * * * shall contain more than one subject, which shall be clearly expressed in its title." The provisions of section 2 of said ordinance are neither expressed, referred to, nor comprehended in the title thereof ; and hence the provisions of said section 2 are invalid and inoperative, and no cause of action can be predicated upon the violation of them, or, in other words, no cause of action was alleged or proven. Cooley's Const. Lim., (5 Ed.) p. 178, sec. 5, side p. 148 ; *Mewher-ter v. Price*, 11 Ind. 199 ; *Igoe v. State*, 14 Ind 239 ;

*State v. Young*, 47 Ind. 150 ; *Ryerson v. Utley*, 16 Mich. 269 ; *People v. Denahey*, 20 Mich. 349 ; *Bridge Co. v. Olmstead*, 41 Ala. 9 ; *Weaver v. Lapsley*, 43 Ala. 224 ; *Jones v. Thompson*, 12 Bush, 394 ; *Rushing v. Sebree*, 12 Bush, 198 ; *State v. Kinsella*, 14 Minn. 524 ; *Cutlip v. Sheriff*, 3 W. Va. 588 ; *State v. Squires*, 26 Iowa, 340. The legal effect of this ordinance was a matter alone for the determination of the court. *Bartlett v. O'Donoghue*, 72 Mo. 563. (*b*) Because of plaintiff's contributory negligence. Wharton on Neg., sec. 300, *et seq.; Drain v. Railroad*, 10 Mo. App. 531 ; *Kelly v. Railroad*, 11 Mo. App. 1 ; *Renfro v. Railroad*, 86 Mo. 302 ; *Taylor v. Railroad*, 86 Mo. 457 ; *Lenix v. Railroad*, 76 Mo. 86 ; *Powell v. Railroad*, 76 Mo. 80. (2) Instruction number one given for plaintiff was erroneous. *Devitt v. Railroad*, 50 Mo. 305 ; *Yarnell v. Railroad*, 75 Mo. 575. (3) Instruction number two for plaintiff is likewise erroneous. It is defective in not covering plaintiff's entire case. *Koenig v. Life Ass'n*, 3 Mo. App. 596 ; *Wyatt v. Railroad*, 62 Mo. 488 ; *Raysdon v. Trumbo*, 52 Mo. 35. It omits the element of knowledge on the part of defendant's servants of plaintiff's dangerous position and the failure to exercise ordinary care after becoming aware of such dangerous position. *Yarnell v. Railroad*, 75 Mo. 575. Such an instruction has no place in a case of this character, where the plaintiff's negligence was proximate in both time and effect. *Schaabs v. Wheel Co.*, 56 Mo. 173 ; *Cagney v. Railroad*, 69 Mo. 424 ; *Zimmerman v. Railroad*, 71 Mo. 484 ; *O'Brien v. McClinchy*, 68 Me. 552 ; *Murphy v. Deane*, 101 Mass. 466 ; Wharton on Neg., sec. 301 ; Moak's Underhill on Torts, 283. The court should have stated the converse of this instruction for the defendant. (4) Instruction number three for plaintiff is predicated upon section 2 of the ordinance, and is vicious for that reason. Instruction number four for plaintiff is correct as an abstract proposition, but is

misleading in this case by reason of its generality. *Yarnell v. Railroad,* 75 Mo. 575 ; Thompson Charging Jury, sec. 71, and cases cited. The same objections apply to instruction number five. (5) Instruction number seven is wrong because it misdirects and misapplies the defendant's evidence upon an issue not made in the case. There was neither plea nor pretense that plaintiff was injured by the negligence of a fellow-servant, or that the watchman was a fellow-servant with plaintiff. (6) The *cauda*, indicated by italics, appended to instruction number eight, asked by defendant, and given to the jury as amended by the court, presents a most anomalous, if not alarming proposition of law. This instruction tells the jury that, notwithstanding the plaintiff contributed directly and proximately to his own *injuries* by the many derelictions of duty on his part as supposed in the instruction, yet, if the defendant did, or omitted to do, the things supposed in instruction number two, given for plaintiff, and they also contributed to the plaintiff's hurt, that plaintiff was still entitled to recover. Instruction number two, given for plaintiff, and attached to and made part of this instruction, has never been allowed, except where plaintiff's negligence was a remote cause, technically denominated a condition. *Maher v. Railroad,* 64 Mo. 276 ; *Henselkamp v. Railroad,* 37 Mo. 537 ; *Adams v. Railroad,* 74 Mo. 553 ; *Henze v. Railroad,* 71 Mo. 636 ; *Harlan v. Railroad,* 64 Mo. 480. This amendment to the instruction also submits the question as to what is the proximate cause to the jury. This is eminently a question of law for the court. *Henry v. Railroad,* 76 Mo. 288. (7) The court erred in its refusal of instructions asked by defendant. *Bell v. Railroad,* 72 Mo. 50 ; *Miller v. Railroad,* 25 Mich. 274.

RAY, J.—This action was brought in the St. Louis circuit court by the plaintiff against the defendant to

recover damages, on account of personal injuries sustained by reason of alleged negligence, on the part of the agents and servants of defendant, in the conduct and management of an engine and train of cars within the limits of said city. At the trial before the circuit court, there was a verdict and judgment for plaintiff, from which defendant appealed to the St. Louis court of appeals, where the judgment of the circuit court was reversed and the cause remanded, from which the plaintiff appealed to this court.

A brief digest of the opinion of the court of appeals is found in the appendix to the Sixteenth Missouri Appeal Reports, at pages 547, 548, and is to the effect following: (1) An objection to the introduction in evidence of an ordinance, on the ground that the subject is not clearly expressed in its title, cannot be made, for the first time, on appeal; (2) such an objection is waived, if not made at the trial; (3) the rule, that negligence of the plaintiff, which contributes directly to cause the injury complained of, will prevent his recovery, is without exception or qualification. The opinion, itself, is found in the record before us, but it is not otherwise reported, except as above stated. The petition (as said by the court of appeals) predicates the plaintiff's right of recovery upon the violation of an ordinance of the city of St. Louis, numbered 10,305, which requires the observance of certain precautions in the running of locomotives and cars, propelled by steam, in the city of St. Louis. The parts of that ordinance, material to the case, will be noticed hereafter.

The answer contained, (1) a general denial; (2) contributory negligence on the part of the plaintiff. The third branch of said answer was to the effect following: "That the spur railroad switch track, on which the injury occurred, was upon the private grounds of Donk Bros. & Company, owned and operated by them, as a

coal-yard, for their exclusive use and benefit, as coal merchants; and that for the purpose of facilitating the reception of carloads of coal, and selling the same to their customers, without unloading, said Donk Bros. & Company had caused, by agreement with defendant, said switch track to be connected with the railroad track of defendant, adjacent thereto; under an agreement between defendant and said Donk Bros. & Company, that the latter should keep a watchman to notify employes of their patrons of the approach of trains, and warn them to get out of the way of danger; and that the persons so employed in said yard, and especially plaintiff, had knowledge thereof, and were accustomed to rely on said watchman for warnings of danger, and that plaintiff's injuries were caused by failure of said watchman to warn him of the approach of defendant's engine and cars, while moving on said spur track; or by his failure to look and listen to said watchman for such warnings from said watchman, and not by any fault of defendant's servant." The reply was a general denial.

The evidence in the record tends to show the nature and extent of the injury complained of, and that at the time of the injury the plaintiff was standing upon a coal car of the defendant, upon a certain switch, or "spur railway track," in the coal-yard of Donk Bros. & Company, unloading coal from said car into a wagon, belonging to his employer, Allewell; that the servants of defendant, in charge of a locomotive engine of defendant, backed a freight train of cars against a car, adjacent to the one on which plaintiff was standing, with such force and violence as to throw the plaintiff from the car on which he was standing, in such manner as to cause the injuries complained of; that the engine and train of cars approached the plaintiff from behind; that he was, at the time, looking at the coal upon the car which he was engaged in unloading, and that, while so engaged, he did not stop or turn to look or listen for the approach of

an engine or train, although he was aware that they were accustomed and liable to come in on said "spur railway track" at frequent intervals; that plaintiff, while so engaged, seemed unconscious of the approach of said engine and train, until the concussion and accident took place; that the bell upon the locomotive was not being sounded, nor was there a man on the top of the car farthest from the backing engine, to give danger signals, as required by said city ordinance; and that there was nothing to obstruct the plaintiff from the view of those in charge of the approaching backing train, if they had been at their post, and attentive to the situation of things, in plain view. The evidence was conflicting as to the ringing of the bell, but there was no pretense that there was a man on top of the car farthest from the backing engine; nor was there any pretense but that the plaintiff might have seen and heard the approaching train, if he had looked and listened, in time to have got out of the way.

The city ordinance in question was offered in evidence by plaintiff, to which the defendant made only general objections, on the score of competency, relevancy, and immateriality; and also because it was not pleaded in substance, or "*in haec verba*," etc.

Section 2 of that ordinance is as follows:

"Section 2. It shall not be lawful within the limits of the city of St. Louis for any car, cars, or locomotives, propelled by steam power, to obstruct any street crossing by standing thereon longer than five minutes; and when moving the bell of the engine shall be constantly sounded within said limits; and if any freight car, cars, or locomotives, propelled by steam power, be backing within said limits, a man shall be stationed on top of the car at the end of the train farthest from the engine to give danger signals; and no freight train shall at any time be moved within the city

limits without it be well manned with experienced brakemen at their posts, who shall be so stationed as to see the danger signals and hear the signals from the engine. The steam whistle of danger shall in no case be sounded except in giving the usual signal for running trains."

At the close of the plaintiff's evidence, and also, at the close of all the evidence, the defendant asked instructions, in the nature of a demurrer to the evidence, which the court overruled and the defendant excepted. At the close of the evidence, the court gave eight instructions for the plaintiff, and five for the defendant. Nine instructions, asked by defendant, were refused. The instructions given covered the different aspects of the case, material to notice, as made by the pleadings and evidence in the cause. The court of appeals, after disposing correctly of the objections, there made for the first time, to the introduction in evidence of the ordinance in question; then proceeds as follows: "The other grounds, on which we are asked to reverse the judgment, relate to the giving and refusing of instructions. We have looked carefully through the instructions. They bear, for the most part, internal evidence of having been very carefully considered, in the light of what we regard as correct applicatory principles of law. One of them, however, we regard as fundamentally erroneous. The defendant asked an instruction, and the court refused to give it, as asked, but added a qualification to it, and gave it as thus qualified." This instruction, as given, was as follows—the qualifying words being in italics:

"8.   The court instructs the jury that if the plaintiff knew that, at the place of the accident, defendant was accustomed, with an engine, to switch cars loaded with coal into, and empty cars off from, the track upon which he was at work, then it became, and was, his duty to keep

a careful watch for the approach of such engine and cars, and that his diligence and vigilance in that behalf should have been increased in proportion as the danger of his position increased. If, therefore, the jury should believe, from the evidence, that the plaintiff, in his work of unloading a car of coal upon the switch track at the coal-yard of Donk, assumed a position upon the said car which he was so unloading, from which he was liable to be thrown by the striking of any car or cars being switched against it, and having assumed such position failed to keep a careful and diligent watch or lookout for such engine and cars as were moved on to, or off of, said track; but, on the contrary, turned his back to the direction from which the switch engine and cars must come, or would come, then the jury are instructed that such conduct upon his part was negligence, and if it contributed directly to bring about his injuries, he cannot recover, notwithstanding the defendant's servants were guilty of negligence which also contributed to bring about the plaintiff's hurt, *unless the negligence of defendant, as called for by instruction number two, given you, was the proximate or efficient cause of the injury.*"

Instruction number two, therein referred to, is as follows:

"2. Even if the jury should believe, from the evidence, that the plaintiff took a position upon a car from which he was unloading coal, with his back turned towards a railway track from which trains were accustomed to approach, and although the jury may believe that the plaintiff did not use ordinary care in taking such position, yet if the jury further believe from the evidence that an engine and freight cars propelled by steam power, and operated by defendant's servants, did, on the sixteenth day of November, 1882, at a point near Palm street, in the city of St. Louis, back against a car connected with a car on which plaintiff was standing, with such force and violence, as to throw plaintiff from

said car, and cause him to be run against and injured; and if the jury believe from the evidence that, at the time said cars, so backing against said car, so connected with the car on which plaintiff was standing, caused said injuries to plaintiff, there was no man stationed on the top of the car at the end of the train farthest from the engine to give danger signals; and that a man so stationed on the top of said car could, by the exercise of ordinary care, have discovered that the plaintiff was in a position of danger, and was liable to be injured by being thrown from the car on which he was standing, and could, by the exercise of ordinary care, have averted said injury from plaintiff, either by giving warning to plaintiff of his danger or signaling the engineer, and that no such warning or signal was given, and that such failure to give plaintiff warning or to signal the engineer directly caused plaintiff's said injuries, then plaintiff is entitled to recover such damages as the jury may believe from the evidence will compensate him for the injuries so received, not exceeding ten thousand dollars."

Speaking of instruction number eight, the court of appeals proceeds to say: "We do not see how this instruction can be sustained. If the plaintiff's negligence 'contributed directly to bring about the injury,' it was, in a judicial sense, a proximate or efficient cause of the injury. This being so, the defendant's negligence could not have been '*the* proximate or efficient cause of the injury,' though it might have been *a* proximate cause. If both the negligence of the plaintiff and the defendant were proximate or efficient causes of the injury, the case becomes a case of concurrent negligence, and in such case, the person hurt cannot recover damages. In our jurisprudence, there is no exception or qualification to the rule, that if the plaintiff's negligence contributes directly to bring about the injury, he cannot recover damages of the defendant for the injury.

Such a rule would abolish the whole doctrine of contributory negligence. For the giving of this instruction, as thus modified, the judgment must be reversed and cause remanded." *Dunkman v. Railroad*, 16 Mo. App. 548.

The propriety of this ruling of the court of appeals is the principal question now before us. A careful examination of the adjudications of this court, in reference to the doctrine of contributory negligence, will show, we think, that the learned judge of the court of appeals, in the foregoing opinion, has stated the doctrine too broadly, especially when applied to the facts of this case. The qualification appended to instruction eight by the trial judge is, we think, in strict harmony with numerous decisions of this court, heretofore rendered. By this qualification instruction eight was required to be read in connection with instruction two, then referred to, and when so read—the two taken together—fairly presents the exceptions and qualifications to the rule, as stated in various opinions, touching that question, to the effect following: "Notwithstanding the injured party may have been guilty of contributory negligence, a railroad company is still liable for the injury if it could have been prevented by the exercise of reasonable care on the part of the company, after discovery of the danger in which the injured party stood, or, if the company failed to discover the danger, through its own recklessness, when the exercise of ordinary care would have discovered it, and averted the calamity." This doctrine is recognized, in terms more or less explicit, in repeated decisions of this court, and among them are : *Harlan v. Railroad*, 65 Mo. 22 ; *Kelley v. Railroad*, 75 Mo. 140 ; *Scoville v. Railroad*, 81 Mo. 440 ; *Welsh v. Railroad*, 81 Mo. 466 ; *Bergman v. Railroad*, 88 Mo. 678 ; *Rine v. Railroad*, 88 Mo. 392 ; *Frick v. Railroad*, 75 Mo. 595 ; *Merz v. Railroad*, 88 Mo. 677 ; *Drain v. Railroad*, 86 574 ; s. c., 10 Mo. App. 531 ; *Karle v. Railroad*, 55 Mo.

476; besides other cases, where the same exception and qualification of the rule is recognized.

The question, whether the railroad company, in this instance, could have prevented the injury, by the exercise of reasonable care on the part of its servants in charge of the backing train, after discovery of the danger in which the injured party stood, or whether the company failed to discover the danger through its own recklessness or carelessness, when the exercise of ordinary care would have discovered it, and averted the calamity, was, we think, submitted to the jury, by instructions numbered eight and two when taken together, and the jury having found the issues against the defend ant, upon evidence tending to establish the same, their decision in such cases, is conclusive upon us. There is a class of cases, happening in the country, at stations, and in villages, where a different rule has been recognized and approved. There, it has been said, "the liability of the company, in such cases, is limited to negligence and want of care, occurring after the exposed and dangerous position of the injured party came to the knowledge of the servants charged with the want of care." The theory, that the servants of the company might, by the exercise of ordinary care, have discovered the dangerous position of the party injured in time to have avoided the accident, it has been said, does not apply in such cases; that it is only in populous districts and large cities, where the doctrine of the instructions complained of in this case has been most frequently applied and approved; (especially where, by ordinance, certain precautions and safeguards are required to be observed by those in charge of the conduct and manage- ment of moving trains within the city limits; or where some limitation has been imposed, by like ordinance, as to the rate of speed while moving within said limits). Of the class of cases, above mentioned, as holding a rule different from the one at bar, the following may be

named among them : *Rine v. Railroad*, 88 Mo. 392 ; *Yarnall v. Railroad*, 75 Mo. 583 ; *Maher v. Railroad*, 64 Mo. 267 ; *Zimmerman v. Railroad*, 71 Mo. 477. Even in the latter class of cases, it has been held that the impossibility of checking the train, after the discovery of the perilous condition of the party injured, by those in charge of the train, will not exonerate the company, if guilty of negligence beforehand which creates the impossibility. *Maher v. Railroad, supra.*

In the case of *Rine v. Railroad, supra*, Judge Black, speaking of that case, uses this language : "There is no analogy between the case at bar, as respects the question under consideration, and those cases where the servants fail to observe some municipal or statutory regulation, and the injury is attributed in whole or in part to that, or where they are not found at their proper places when passing a public crossing, or going through a populous city or district, or fail to heed due warning of danger. These observation are sufficient to distinguish this case from *Frick v. Railroad*, 75 Mo. 595, and *Kelley v. Railroad*, 75 Mo. 138." In the case at bar, it will be observed that the provisions of section 2, of city ordinance 10,305, hereinbefore set out in connection with the evidence in the cause, sufficiently distinguish this case from that of *Rine v. Railroad, supra*, and at the same time show that it falls within the recognized principle of the cases there cited with approval. We are, therefore, of opinion, and so hold, that the court of appeals erred in reversing the judgment of the circuit court, on account of the instruction number eight, as modified by instruction number two, as pointed out by the trial judge, in that behalf.

As to the third branch of defendant's answer, it is, perhaps, sufficient to say that even if it be conceded that a breach of the specified contract, on the part of

Donk Brothers and Company, might possibly furnish defendant a cause of action against them for any damage thereby sustained, yet it certainly affords no defence to the present action.

For these reasons, the judgment of the court of appeals is reversed and the cause remanded to that court, with directions to enter up a judgment, affirming that of the circuit court, in which all the judges concur, except Sherwood, J., who dissents.