ESWIN v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Demurrer to Evidence** : DEFENDANT'S EVIDENCE. A defendant, by introducing its evidence after its demurrer to plaintiff's evidence has been overruled, takes the chances of supplying any defect in plaintiff's case.

2. —— : ——. It does not, however, entirely waive the right of having the ruling of the trial court reviewed, as the supreme court on appeal will review all the evidence in the case and determine it therefrom.

3. **Practice of Supreme Court** : CONFLICTING EVIDENCE.. The supreme court will not determine disputed questions of fact on conflicting evidence; that is a matter for the trier of the facts.

4. **Negligence** : RAILROAD : CITY ORDINANCE. A violation of a city ordinance by a railroad is negligence *per se.*

5. —— : —— : —— : PRESUMPTION. Persons on a public street in a municipality have the right to presume that the railroad will obey the municipal ordinances regulating the speed and management of trains, and have the right to act on such presumption.

6. —— : BOY. The care required of a boy is that which may be fairly and reasonably expected from one of his age and capacity, and whether he did use such care is a question for the jury.

7. —— : —— : INSTRUCTION. A boy between eleven and twelve years of age was killed while coasting by colliding with defendant's train on a public street in the city of St. Louis. The court instructed that if the deceased did not possess the discretion of an adult, at the time of the accident, the jury should consider the fact in determining whether or not he was guilty of contributory negligence. *Held* error.

8. —— : —— : ——. The instruction should have further told the jury that the deceased was required to use the care and caution which might be expected of one of his age.

9. —— : —— : ——. An instruction in a case like this is properly refused which directs the jury that unless the company's servants failed to make use of the means and appliances in their power to avert the accident after they became aware of the danger of deceased, the finding should be for the defendant.

10. —— : —— : ——. Such instruction is proper where the person injured is a trespasser on a railroad track and the circumstances are such that the company has both the right to have and the right to expect a clear track.

11. **Railroad** : PUBLIC STREETS : MUTUAL DUTY OF COMPANY AND TRAVELER. Where both the railroad and the public have a right to use the street, the duty of the company to look out for persons on the track is just as great as the duty of a traveler to look out for the trains ; the difference being that an individual must give way to a train which, in the nature of things, cannot be stopped instantly.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Bennet Pike* for appellant.

(1) The demurrer to the evidence at the close of plaintiff's case should have been sustained. *Morrissey v. Railroad,* 126 Mass. 377 ; *Powell v. Railroad,* 76 Mo. 80 ; *Lenix v. Railroad,* 76 Mo. 86 ; *Taylor v. Railroad,* 86 Mo. 458 ; *Fox v. Railroad,* 85 Mo. 679. (2) The instructions given at the instance of plaintiff and upon the court's own motion were erroneous. *David v. Chicopee,* 116 Mass. 93 ; *Johnson v. Railroad,* 125 Mass.

75; *Wyatt v. Railroad*, 62 Mo. 411. (3) The refusal of defendant's instruction was error. *Zimmerman v. Railroad*, 71 Mo. 476; *Isabel v. Railroad*, 60 Mo. 475; *Harlan v. Railroad*, 64 Mo. 480; *Nelson v. Railroad*, 68 Mo. 593; *Cagney v. Railroad*, 69 Mo. 416.

*Henry Boemler* for respondent.

(1) The defendant's negligence and the injuries to the deceased being shown, it was competent to infer that the latter was occasioned by the former and the connection between the two was properly left to the jury. *Keim v. Transit Co.*, 90 Mo. 314; *Persinger v. Railroad*, 82 Mo. 196; *Taylor v. Railroad*, 83 Mo. 386. (2) Although defendant, at the close of plaintiff's case, offered a demurrer, it waived the point by going on with the case. The only permissible inquiry now is whether there is any evidence at all to sustain the verdict. *Goodger v. Finn*, 10 Mo. App. 226; *Bolt & Iron Co. v. Brue*, 8 Mo. App. 594. (3) When the undisputed facts relied on to establish contributory negligence are such as may, in the judgment of sensible men, lead to different conclusions thereon, the question should be submitted to the jury. *Petty v. Railroad*, 88 Mo. 306; *Drain v. Railroad*, 86 Mo. 574; *Fink v. Furnace Co.*, 82 Mo. 276; *Keenig v. Railroad*, 12 Mo. App. 327; *Barry v. Railroad*, 92 N. Y. 289. (4) A failure to perform a duty enjoined by statute or ordinance is negligence, as matter of law, for which a recovery may be had by any person injured by reason thereof. *Keim v. Transit Co.*, 90 Mo. 321; *Drain v. Railroad*, 86 Mo. 574; *Mertz v. Railroad*, 88 Mo. 672; *Bowman v. Railroad*, 85 Mo. 533; *Johnson v. Railroad*, 77 Mo. 551; *Karle v. Railroad*, 55 Mo. 476; *Railroad v. Dunn*, 78 Ill. 197.

BLACK, J.—A train of defendant's cars, consisting of a locomotive and three freight cars, ran over and killed the plaintiff's son, a lad between eleven and

twelve years of age, in the corporate limits of the city of St. Louis. This is a suit by the mother, the father being dead, to recover the statutory penalty of five thousand dollars.

The cause of action stated in the petition is the negligent violation of ordinance number 10,305 in this, that the train was moving at a greater rate of speed than six miles per hour; that the bell on the engine was not sounded; and that, though the train was backing, no man was stationed on the car at the end of the train furthest from the engine, to give danger signals. The defendant has a track running north and south on and along Front street, or the Levee, as variously called in the record. Locust street runs east and west, and on this street from Main street to the levee, a distance of about two hundred and fifty feet, there is a steep down grade. At the time of the accident, the boy was coasting down this grade, and was run over by the foremost of the three freight cars as they were being pushed northward on the track by an engine attached to the south end of the train. The evidence for the plaintiff, save that of one witness, tends to show that the train was moving at the rate of eight to twelve miles an hour; that there was no man on the car farthest from the engine, and that the bell was not sounded. The plaintiff's evidence also shows that this and another boy were going down the hill at a very rapid rate; that the other boy was sitting upon his sled, and as soon as he saw the train and just before he reached it, he threw himself off on the ground; that plaintiff's son was lying down with his stomach on the sled, and just as he ran on the track the front car truck ran over him.

The cross-examination of the engineer, who was called by the plaintiff, and the evidence of the fireman, the switch foreman, and a brakeman, all of whom were with the train, is to the effect that the cars were moving at a rate of speed not exceeding three miles an hour; that the fireman was ringing the bell, and that there

was a brakeman on the third car, the one farthest from the engine. These witnesses say there was snow and ice on the track, so that they could not go fast; and one of the witnesses says he was, at the time of the accident, walking on the track in advance of the train.

The first contention of the appellant is, that an instruction, asked at the close of the plaintiff's evidence, to the effect that the plaintiff could not recover, should have been given. The plaintiff insists that defendant waived this request by putting in its evidence. The defendant, by putting in its evidence, after its request for such an instruction had been made and overruled, took the chances of curing any defect in the plaintiff's evidence; but did not entirely waive its right to have the ruling of the court reviewed. This court, however, in reviewing the ruling of the trial court on such a question, looks to the entire evidence in the case, no matter by whom offered, nor whether the demurrer to the evidence was interposed at the close of the plaintiff's evidence in chief, or at the close of all of the evidence. It is in this sense the same question is spoken of in *Bowen v. Railroad*, 95 Mo. 275, and in *Guenther v. Railroad*, 95 Mo. 289.

The evidence of the defendant's employes, in charge of the train, is all to the effect that there was no violation of the ordinance, and since they must have known what they were doing, and were in a position to judge of the rate of the speed of the train, the evidence does seem to preponderate in favor of the defendant; but there was much evidence of a contrary character offered by the plaintiff; and the law is well-settled and understood that this court cannot settle disputed questions of fact on conflicting evidence. That is a matter for the triers of fact.

If the freight train was running at a greater rate of speed than six miles an hour, or the bell was not ringing, or there was no man on the car farthest from the engine, then the defendant was guilty of negligence.

A violation of the ordinance is, as we have often said, negligence *per se.* *Keim v. Railroad*, 90 Mo. 314, and cases cited. Here the train was moving on and along a public highway, and persons on the street have a right to presume that the company will obey the commands of the ordinance, and to act upon the presumption. A violation of this ordinance, under such circumstances, is gross negligence. The evidence shows that the engineer could not see up Locust street, by reason of the buildings on that and Front street, until he got close to the intersection of the two streets. And doubtless the same is true as to the person required to be stationed on the train, and hence the necessity of giving full obedience to the ordinance. For like reasons persons going down Locust street should use care proportionate to the dangers to be encountered.

The further question then is, on the demurrer to the evidence, whether the boy was guilty of negligence directly contributing to his death. That it would be negligence on the part of a person of mature years and discretion to thus go headlong into a place surrounded with so much danger is clear enough. But it cannot be said, as a matter of law, that the plaintiff must fail because of the conduct on the part of the boy. The care which is required of him is that care proportionate to his age and capacity. In other words, the law requires of him and only requires him to use that care and caution which may be reasonably and fairly expected of a boy of his age and capacity, and whether he did use that care or not is a question for the jury to determine. It is important, in this connection, to examine the instructions of the court on this point. That given at the request of the plaintiff is as follows :

"The court instructs the jury that, in considering the question as to whether or not plaintiff's deceased son contributed by his own act to cause the injury to him mentioned in the petition, they should take into consideration his age and discretion ; and if the jury

find, from the evidence, that he was of the age of eleven and one-half years and did not possess the discretion of an adult, or grown person at the time of the accident, then the jury should consider the fact in determining whether or not he was guilty of contributory negligence at the time of said accident, that contributed to the cause of said accident."

Beyond all doubt, it was the duty of the jury to consider the age of the boy, and the fact that he did not have the discretion of an adult person ; but this does not go far enough. It furnishes no guide for the jurors at all. The question is not only one of the age and capacity of the boy, but it is equally important to know how he used that capacity, and as to this the instruction gives no direction. While the instruction does not, in terms, say that, being a boy but eleven and a half years old, and not having the discretion of an adult person, he could not be guilty of contributory negligence, yet it comes very near to it. The instruction is misleading, and does not present a fair statement of the law. This question of negligence on the part of the boy, contributing to his death, is one of vital importance in this case, and it ought to be fairly presented. Under the undisputed facts in the case, the plaintiff ought not to recover until there is a clear finding that this boy, at the time of the accident, was using the care and caution which might be expected of one of his age and capacity.

Again error is assigned because the court refused to give an instruction, requested by the defendant, to the effect that, unless the employes of defendant, in charge of the train, failed to make use of the means and appliances in their power to prevent the accident, after they became aware of the danger he was in, or of the fact that he was riding down the street on his sled, the finding should be for the defendant. Such an instruction will be proper enough where the person injured is a trespasser on a railroad track, and the circumstances are

such that the company has both a right to have, and a right to anticipate, a clear track ; but the principle has no application to a case like this. *Rine v. Railroad*, 88 Mo. 392 ; *Keim v. Railroad*, 90 Mo. 314 ; *Williams v. Railroad, ante*, p. 275. Here both the company and the public have a right to the use of the street. The company must know that persons will be, and have a right to be, upon the street, and hence a duty arises to obey these reasonable municipal regulations, and to keep watch to avoid collisions and accidents. The duty of the company to look out for persons on the track is just as great as the duty of the individual to look out for trains, the difference being that the person must give way to the train, which, in the nature of things, cannot be stopped instantly.

For the error before stated the judgment is reversed and the cause remanded. RAY, J., absent. The other judges concur.